# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. KAMPAS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| and | ) | |
| | ) | |
| STEVEN S. HOFFMANN, | ) | Civil Action No. 4:22-cv-01057-SRC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, | ) | *Counts: I, II, III, and IV* |
| | ) | |
| and | ) | |
| | ) | |
| P.O. KENNETH KEVIN KEGEL, | ) | *Counts: I, II, and III* |
| in his individual and official capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| P.O. ERIC GERARD LARSON, | ) | *Counts: I, II, and III* |
| in his individual and official capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| P.O. BRYAN LEBRADFORD LEMONS | ) | *Counts: I, II, and III* |
| in his individual and official capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| P.O. BENJAMIN NEIL HAWKINS | ) | *Counts: I, II, and III* |
| in his individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

### **MOTION TO EXTEND TIME FOR SERVICE UNDER RULE 4(M)**

COME NOW Plaintiffs Scott A. Kampas and Steven S. Hoffmann, and pursuant to Fed. R. Civ. P. 4(m), request this Court extend the time for service an additional 14 days to January 17, 2023. In support of their request, Plaintiffs state:

1

1.     When this action was filed, the identity of one of the individual officers was unknown and he was sued as Officer John Doe. At the time of filing, all of the home addresses of the individual defendants were unknown.

2.     By December 8, 2022, Plaintiffs identified Officer John Doe as Officer Benjamin Hawkins and identified the home addresses of all four individual Defendants.

3.     Plaintiffs immediately amended their complaint, filed a notice of intent to use a special process server to serve all of the Defendants, and the next day, on December 9, 2022, the Court issued copies of alias summonses to Plaintiffs' counsel.

4.     That Same day, Plaintiffs' counsel engaged a professional, in-state process server and provided the operative complaint and alias summonses to her, so she could immediately begin making attempts to serve process on the four individual defendants and the City of St. Louis.

5.     Throughout December, the process server made repeated unsuccessful attempts to serve the individual defendants at their home addresses. In addition to checking in with the process server by email and phone, Plaintiffs attempted to gain sufficient information to effect personal service on the individual defendants at their work addresses, but were unable to locate those business addresses.

6.     On December 28, 2022, the process server personally delivered a copy of the service to Defendant Kenneth Kegel, and forwarded an affidavit of service to Plaintiffs' counsel. See Exhibit A.

7.     On December 29, 2022, the process server personally delivered a copy of the service to Defendant City of St. Louis, through Deputy City Counselor Michael Garvin.

8. On the afternoon of December 29, Plaintiff's Counsel discovered that the alias summonses delivered to Defendants Kenneth Kegel and City of Saint Louis did not contain the Clerk's signature and the Court's seal on the signature line. See Exhibit B.

9. Plaintiffs' counsel immediately telephoned the process server, and they determined that although the .pdf file that Plaintiff's Counsel forwarded to the process server contained the Clerk's signature and the Court's seal, the documents opened by the process server's .pdf viewer did not print the fillable box or fill and sign tool extension containing the signature and seal. As a result, both Defendants Kenneth Kegel and City of Saint Louis were served with summonses which were not complete, due to a technical computer error.

10. On December 30, 2022Plaintiffs' counsel telephoned the City's Law Department, and left a message for Deputy City Counselor Michael Garvin, requesting an answer before noon as to whether the City consents to the extension of time for service. Plaintiffs' counsel did not receive a reply by the time the City's Law Department closed early at 1:00 pm for the New Year Holiday.

11. If a defendant is not served within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

12. To determine whether it is appropriate to extend the time for service, a district court "must engage in a two-step analysis." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003) (per curiam). First, "if the district court concludes there is good cause for plaintiff's failure to serve within [90] days, it shall extend the time for service." *Kurka v. Iowa Cty.*, 628 F.3d 957 (8th Cir. 2010). "Second, if good cause is not shown, the district court still

retains the discretion to grant an extension of time for service" upon plaintiff's demonstration of "excusable neglect." *Colasante*, 81 F. App'x at 613 (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).

13. The Eighth Circuit has recognized that a plaintiff shows good cause in any of the following circumstances:

> (1) The plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server,
> (2) The defendant has evaded service of process or engaged in misleading conduct,
> (3) The plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or
> (4) The plaintiff is proceeding pro se or in forma pauperis.

*Kurka*, 628 F.3d at 957.

14. Plaintiffs have acted diligently in trying to effect service. They requested summons for the individual defendants as soon as their addresses could be located; engaged a professional, in-state process server and provided the summonses to the process server immediately after they were issued; communicated repeatedly with the process server throughout the service period, attempted to find alternative addresses to serve defendants, and attempted to get consent from the City to extend the time for service. There is good cause to extend the time for service. See *Colasante*, 81 F. App'x at 613 (commenting that "good cause" is "necessarily amorphous" and dependent on the individual facts of a given case but requires "at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules") (latter quote from *Adams*, 74 F.3d at 887)).

15. Extending the time for service by fourteen days will not prejudice the defendants, who are public employees and officials of the City of Saint Louis. However, if the Court does not find that there is good cause to extend the time of service, Plaintiffs request that the Court find that there is excusable neglect and exercise its discretion to extend the time for service. *See*

4

*Joe Hand Promotions, Inc. v. DSP, LLC,* No. 4:13CV336 JCH, 2014 WL 6634640, at *2 (E.D. Mo. Nov. 21, 2014) ("District courts may find excusable neglect based on the totality of the circumstances involved in the case, such as the length of the delay and its impact on judicial proceedings, the potential prejudice to the defendant, the reason for the delay, and whether the party acted in good faith.").

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that, under Fed. R. Civ. P. 4(m), the Court find good cause to extend the time for service to January 17, 2023. Plaintiffs request that, in the alternative, the Court find there has been excusable neglect and exercise its discretion to extend the time of service to January 17, 2023.

**Dated** December 30, 2022.

Respectfully submitted,

 /s/ **STEVEN SETH HOFFMANN**
Steven Seth Hoffmann, 74445MO
steven@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 629-3581 – Mobile Telephone

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was signed and filed via the Court's electronic filing system this 30th day of December, 2022.

 /s/ **Steven Seth Hoffmann**
