UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCOTT A. KAMPAS, et al.,            )
                                    )
            Plaintiffs,             )        Case No. 4:22-CV-01057-SRC
                                    )
v.                                  )
                                    )
CITY OF ST. LOUIS, et al.,          )
                                    )
            Defendants.             )

## DEFENDANTS HAWKINS AND MCNAMARA'S  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants City of St. Louis ("City"), Kenneth Kegel ("Kegel"), Eric Larson ("Larson"), Bryan Lemons ("Lemons"), Benjamin Hawkins ("Hawkins"), and Timothy McNamara ("McNamara") (collectively "Defendants") hereby submits the following memorandum of law in support of their Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Doc. 42):

### BACKGROUND

Plaintiffs Scott Kampas and Stephen Hoffman ("Plaintiffs") allege they were in the City of St. Louis to document the public response to the Stockley Verdict, and the police response to those protests. Doc. 42 ¶ 8.Plaintiffs state on October 3, 2017, Plaintiffs drove to Jefferson Avenue north of Interstate 64/U.S. Highway 40 ("Highway 40"). *Id*. ¶ 34. Plaintiffs state that they were observing a protest march which was proceeding east on the highway [Highway 40]. *Id*. ¶ 36. Plaintiffs state that the protesters exited the highway at the Jefferson Avenue exit and proceeded north on Jefferson Avenue. *Id*. ¶ 43. Plaintiffs, walking near the protesters, were walking north on Jefferson Avenue, approaching Market Street when they heard police officers tell the group to leave the street and go to the sidewalk. *Id*. ¶ 48. The entire group consisted of about 70 people. *Id*. ¶ 49. Police officers surrounded the group, encircling protesters. *Id*. ¶ 63. Plaintiffs allege that they,

1

"were not present as protesters nor were they participating in the protests – they were third-party observers." *Id*. ¶ 39. Plaintiffs allegations include Defendant McNamara arrested Plaintiff Kampas. *Id*. ¶ 102.  Defendant Lemons and other police officers placed Plaintiff Hoffmann in a van, for transport to jail. *Id*. ¶ 103. Defendant Hawkins wrote the police report. *Id*. ¶ 103. And Defendants Kegel and Larson were supervising the actions of Defendants Lemons, Hawkins, and McNamara. *Id*. ¶ 104.

On October 3, 2022 Plaintiffs filed their original Complaint. Doc. 1. Plaintiffs named the City of St. Louis, P.O. Kenneth Kegel, P.O. Eric Larson, P.O. Bryan Lemons, and P.O. John Doe #1. *Id*. Plaintiffs attached Waiver of Service for City, Kegel, Larson, Lemons, and Doe. Doc 1-4 – 1-8. Plaintiffs did not contact Defendants to provide the waiver of services. On December 8, 2022 Plaintiffs filed their First Amended Complaint, identifying John Doe #1 as P.O. Benjamin Hawkins. Doc. 2. Plaintiffs filed a notice of process server on December 8, 2022. Doc. 3. Plaintiffs serve City on January 4, 2023. Doc 14. Plaintiffs serve Hawkins, Kegel, Larson and Lemons on January 20, 2023. Doc. 15, 16, 17, 19. On March 10, 2023, Plaintiffs filed a Second Amended Complaint against the same defendants named in the First Amended Complaint. Doc 27. On June 14, 2023 Plaintiffs filed their Third Amended Complaint where Timothy McNamara is first named as a defendant in his individual and official capacity. Doc. 37. McNamara returned a waiver of service on June 15, 2023. On June 16, 2023 Plaintiffs filed their Fourth Amended Complaint to which Defendants now respond.

In this action, Plaintiffs seek nominal and compensatory damages resulting from their arrest and one day long detention related to the trespassing on Highway 40, near Jefferson Avenue. Plaintiffs also seek punitive damages and attorney's fees. Plaintiffs allege claims against individually named defendants in Counts I, II, and III. Count I alleges all individually named

2

Defendants deprived Plaintiffs of their First Amendment Right to Freedom of Speech by interfering with their ability to gather information and cover a matter of public interest. ¶¶ 165-169. Count II alleges all individually named Defendants committed the offense of First Amendment Retaliation. ¶¶ 170-177. Count III alleges all individually named Defendants deprived Plaintiffs of unlawfully seizing them in violation of their Fourth Amendment and Fourteenth Amendment rights. ¶¶ 178-187. And Count IV, alleges Defendant City failed to instruct, train, supervise, control, and/or discipline amounting to a practice that is so "pervasive" that they constitute policies that caused an unconstitutional deprivation of their rights. ¶¶ 188-196.

Defendants now move to dismiss Counts I-IV of Plaintiffs' Fourth Amended Complaint for failure to state a claim.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* This standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just "conceivable but "plausible" that the defendant is liable. *Mitchell v. Kirchmeier*, 28 F.4th 888,

3

895 (8th Cir. 2022) (citing *Iqbal*, 556 U.S. 662, 680-683). Where the allegations show on the face of the complaint there is some insurmountable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997).

## ARGUMENT

The Court should dismiss Counts I-III of Plaintiffs' claims against Defendants because they are barred by the applicable statute of limitations.

In *Wilson v. Garcia*, the Supreme Court held that the statute of limitations for general personal injury actions sounding in tort applies to suits for violation of civil rights under 42 U.S.C. § 1983. 105 S. Ct. 1938, 1949 (1985). The applicable statute of limitations for § 1983 actions is Mo. Rev. Stat. § 516.120, which provides for a five-year statute of limitations. *See Lovejoy v. Goodrich,* 798 F.2d 1201, 1202 n.2 (8th Cir. 1986).

When a § 1983 claim accrues, however, is not governed by state law, but rather by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). Under federal law, a cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* In *Wallace*, the Supreme Court determined, "[u]nder the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.*

## I.   McNamara

Here, Plaintiffs' accrual date is clear on the face of Plaintiff's Fourth Amended Complaint: October 3, 2017. Plaintiffs assert three claims against Defendants under 42 U.S.C. § 1983. (See Doc. 42, Counts I, II, III, IV). Plaintiffs allege that McNamara grabbed and handcuffed Plaintiff

Kampas, and Kampas was placed in a van and transported to jail. *Id*. ¶ 102. Additionally, Plaintiffs claim that McNamara, along with other unnamed officers, violated Plaintiffs' First Amendment Rights when they interfered with Plaintiffs ability to observe police activity. These alleged unconstitutional actions occurred on October 3, 2017. Plaintiffs filed their original complaint on October 3, 2022, exactly five years after the date of the alleged damage. Doc. 1. Plaintiffs' allegations were known to them on October 3, 2017 and based upon Plaintiffs' Fourth Amended Complaint, Plaintiffs were released without charge soon after their arrests. The applicable statute of limitations in Missouri for a §1983 action is five years. Plaintiffs do not identify McNamara for five years, eight months, and eleven days. Plaintiffs' inexcusable delay in naming McNamara is entirely their own fault. Defendants have done nothing to conceal McNamara's identity and the police report has been available to Plaintiffs for over five years. McNamara's name is clearly listed as the arresting officer related to the arrest of Scott Kampas and can be found on page 79 of the police report. McNamara must be dismissed in Counts I-III because Plaintiffs' claims are barred by the applicable statute of limitations, RSMo, § 516.120, since McNamara was not added as a named defendant until eight months after the five year deadline.

## II.     Hawkins as the "John Doe"

On October 3, 2022, Plaintiffs' original Complaint included one "John Doe" defendant. Doc. 1. Over two months after the statute of limitation deadline, Plaintiffs identified that John Doe defendant as Benjamin Hawkins on December 8, 2022, in their First Amended Complaint. Doc. 2. "Naming unknown, fictitious, or "John Doe" defendants in a complaint does not toll the statute of limitations until such time as the names of these parties can be secured. Instead, it amounts to a change of parties under F.R.Civ.P. 15(c) and the newly named defendant sought to be substituted for the previously unknown defendant becomes a new party." *Bruce v. Smith*, 581 F.Supp. 902,

905 (W.D. VA, 1984) (citing *Britt v. Arvanitis*, 590 F.2d 57, 60–61 (3rd Cir.1978); *Sassi v. Breier*, 76 F.R.D. 487, 489 (E.D.Wisc.1977), aff'd, 584 F.2d 234, 235 (7th Cir.1978); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3rd Cir.1977); *Craig v. United States*, 413 F.2d 854 (9th Cir.), cert. denied, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). In Plaintiffs Original Complaint, Plaintiffs only named one John Doe defendant. Plaintiffs' John Doe was identified as, "an unidentified male police officer with the SLMPD." (Doc. 1, ¶16). Plaintiffs further only identify this mystery John Doe as the individual who, "handcuffed Plaintiff Kampas…" *Id*. ¶47. Rule 15(c) establishes when an amendment relates back to the date of the original pleading. Rule 15(c)(1)(A) states, "the law that provides the applicable statute of limitation allows relation back." RSMo. § 516.120 does not provide for the tolling of the statute when a John Doe is named. Moreover, the statute does not permit relation back to the original pleading as an exception to the statute of limitations. Accordingly, Plaintiffs fail the first element.

The second element, Rule 15(c)(1)(B), establishes that "the amendment asserts a claim or defense that arouse out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Here, Hawkins' role is that he wrote the police report and participated in the arrest of individuals who trespassed on the highway. He did not arrest Kampas, as Plaintiffs allege in their Original Complaint. Additionally, the Original Complaint makes no allegations related to the writing of the police report. Plaintiffs therefore fail the second element of relation.

Rule 15(c)(1)(C) further requires that the party to be brought in by amendment must have (i) "received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Here, Officer Hawkins could not have received

appropriate notice of the action, as he did not arrest Plaintiff Kampas. Additionally, Officer Hawkins is severely prejudiced by the delay in notification as the five year and two month delay in bringing this action will hinder his ability to defend himself.

Missouri case law is instructive as it relates to "John Doe" defendants and the statute of limitation. In *State ex rel. Holzum*: "Rule 55.33(c) now requires that the actual defendant receive 'notice' of the action within the time allowed for service." 342 S.W.3d 313, 317 (Mo. banc 2011). *Holzum* further acknowledges that the identity and notice requirements are separate requirements: "[T]he identity of the actual person should be ascertainable from the contents of the petition so that when the party gets notice of the lawsuit, he knows or should know—as the rule specifies— that the action has been brought against him." Id. Here, Plaintiffs' Original Complaint could not possibly place Hawkins on notice that he was subject to this action. Second, Hawkins did not receive notice within the statute of limitation and is first made aware of the lawsuit by his attorneys for the purpose of waiving service June 23, 2023. Doc. 43.

Plaintiffs had five years to bring suit. Plaintiff Hoffmann is one of the attorneys representing himself and Plaintiff Kampas in this suit and was well aware of the statute of limitation issues. There could be no conceivable reason why Plaintiffs would have filed this action on the last possible day if they were unaware of the deadline. Additionally, Plaintiffs' mistaken listing of Hawkins as the John Doe #1 is inexcusable. The police report clearly identifies a different officer as the individual who arrested Plaintiff Kampas, and identifies Hawkins as the report writer on the first page in two separate locations. The mistake defies logic and common sense. Plaintiffs fail to satisfy Rule 15(C) requirements and therefore Defendant Hawkins has been inappropriately added as a party, outside of the statute of limitations deadline and should be dismissed as Plaintiffs' claims are time-barred by RSMo. § 516.120.

7

**III.     Plaintiffs' claims against all Defendants are time barred.**

Plaintiffs' Counts I-IV against City, Kegel, Larson, and Lemons are similarly time barred for violation of Missouri Rule of Civil Procedure 55.33. "Missouri's statute of limitations for negligence actions is five years. § 516.120(4). That the statute of limitations has expired on a claim is an affirmative defense. § 509.090. Petitions originally filed within the statute of limitations often require amendments to add additional claims, defenses, or parties. See Rule 55.33. When these amendments are filed after the statute of limitations has run, the amendments must "relate back" to the original pleading to avoid being dismissed as time barred. Rule 55.33(c). But not all amendments relate back." *Shade-Schaefer v. City of Eureka*, WL 3311501 at 6 (Mo. E.D 2023). Rule 55.33(c) governs the relation back of amendments and provides that an amendment relates back if the claims in the amended pleading and original pleading arise out of the same conduct, transaction, or occurrence and if the defendant: (1) received notice of the action prior to the expiration of the statute of limitations; and (2) the defendant knew or should have known, prior to the expiration of the statute of limitations, that the action would have been brought against them, but for a mistake. This rule requires such notice "as will not prejudice the party in maintaining the party's defense on the merits." Id.

Here, Plaintiffs have multiple problems, first the Original Complaint was filed on the deadline, October 3, 2022. Plaintiffs made no effort to serve City, Kegel, Larson, or Lemons with the Original Complaint. Plaintiffs fail the first requirement because Defendants did not receive notice of the action prior to the statute of limitations. Plaintiffs filed their First Amended Complaint prior to serving the Original Complaint. Doc. 2. F.R.Civ.P. 15(a) states "a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive is required, 21 days after service of a responsive pleading or 21 days

8

after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Here, because Plaintiffs never served the Original Complaint, Plaintiffs' First Amended Complaint does not amend the original Complaint, it becomes the original complaint.

Second, Plaintiffs' First Amended Complaint was filed December 8, 2022, 66 days after the statute of limitation deadline. Plaintiffs cannot argue that the First Amended Complaint relates back to the Original Complaint because they did not serve the complaint. Additionally, *Shade-Schaefer* held where a plaintiff attempts to substitute a party for the John Doe, "Rule 55.33(c) certainly does not support this argument since it requires notice of the action before the statute of limitation expires and that the defendant knew or should have known before the statute expired that he would have been sued but for a mistake."  Here, Defendants did not have notice of this action before the statute of limitation expired and could not have known before the statute expired that they would have been sued but for a mistake, because the Defendants did not receive notice this lawsuit existed until they were first served in January 2023.

The Missouri Supreme Court dispelled any doubt in *State ex rel. Holzum*: "Rule 55.33(c) now requires that the actual defendant receive 'notice' of the action within the time allowed for service." 342. S.W.3d 313, 317 (Mo. banc 2011). Plaintiffs have made an inexcusable error in not serving Defendants with their Original Complaint. Rule 4(m) states, "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It cannot be overstated, Plaintiffs did not serve Defendants with their Original Complaint, as is clear from the Court's electronic filing system in this cause. Instead 66 days after the statute of limitation expired, Plaintiffs filed an Amended Complaint. Amending prior to service is a violation of Rule 15(a). Plaintiffs' mismanagement of their filings has nullified

their Original Complaint. The first document this Court may consider as an "original complaint" under Missouri Rule 55.33 and F.R.Civ.P. 15(c) is the First Amended Complaint, filed December 8, 2022, 66 days after the statue of limitation.

WHEREFORE, for the foregoing reasons, Defendants respectfully request the Court dismiss Counts I-IV asserted by Plaintiffs against them in their Fourth Amended Complaint, and grant Defendants any such other and further relief the court deems fair and appropriate.

Dated: June 30, 2023

Respectfully submitted,
SHEENA HAMILTON
CITY COUNSELOR

*/s/ Adriano Martinez*
Adriano Martinez, 69214 MO
Associate City Counselor
Martineza@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on June 30, 2023, with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Adriano Martinez