**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SCOTT A. KAMPAS ET AL.,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　)　　　Cause No.:　　4:22-cv-01057-SRC
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
CITY OF ST. LOUIS, MISSOURI ET AL, )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　)

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW Plaintiffs, by and through their undersigned counsel, and submit this

Response in Opposition to Defendants' Motion to Dismiss and Memorandum of Law in Support

(R. Docs. 48 and 49), stating:

### SUMMARY OF REASONS TO DENY DEFENDANTS' MOTION

Defendants have waived statute of limitations as an affirmative defense by: 1) raising it

for the first time two hundred and seventy days into the litigation, 2) failing to plead statute of

limitations in their Answer, and 3) consenting in writing to Plaintiffs' filing a Second Amended

Complaint. Additionally, Defendant Hawkins was served with process and notice of the lawsuit

within the time allowed by leave of this Court. Because Plaintiffs' complaint was filed within the

time prescribed by the relevant statute of limitations, all of Plaintiffs' amended complaints relate

back to the original filing. Because Defendant McNamara received notice of the action during

the time allowed for service, and because he will not be prejudiced in defending on the merits,

and because he knew of should have known that the action would have been brought against

him, but for mistake concerning the proper party's identity, Plaintiffs' Third Amended

Complaint relates back under 15(c)(1)(C). Finally, dismissal would violate principles of judicial

economy, because if dismissed, the statute of limitations for Plaintiffs' claims would be extended one year from the date of dismissal by operation of Missouri's Savings Statute, and because the Federal Rules of Civil Procedure are designed to bring cases such as this one to a resolution on the merits.

## BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2017, Scott Kampas and Steven Hoffmann ("Plaintiffs") were standing on the sidewalk of Jefferson Avenue observing the police response to a public demonstration in the City of St. Louis. Kenneth Kegel, Eric Larson, Bryan Lemons, Benjamin Hawkins, Timothy McNamara ("Defendants") and other Saint Louis Metropolitan Police Department officers formed a cordon and 'boxed' or 'kettled' Plaintiffs in on all four sides, stopping their freedom of movement unjustifiably. Plaintiff Hoffmann then insisted to supervisory officers that they had never joined the protesters who had ventured onto the highway but were merely observing what was happening from areas where they were legally allowed to be. All without any evidence that Plaintiffs had committed or attempted to commit any crime, police gave them no opportunity to exit, refused to let them leave the area, and retaliated against them by arresting them because Plaintiffs were attempting to video record police actions. On October 3, 2022—exactly five years later, and within the time period allowed by the statute of limitations—Plaintiffs filed the instant lawsuit, naming the City of St. Louis, Missouri, three known St. Louis Metropolitan Police Department Officers, and one unknown police officer "John Doe" as defendants. Additionally, Plaintiffs alleged that Defendant City of St. Louis has a continuing, widespread, persistent custom of arresting bystanders to protests without probable cause to believe that those individuals being arrested committed a crime, identifying specific instances in the past when the

City and its police department have practiced their custom, including three previous occasions where Plaintiffs themselves were arrested without probable cause.

Contrary to Defendants' claim that "there could be no conceivable reason why Plaintiffs would have filed this action on the last possible day if they were unaware of the deadline," (R. Doc. 49, p. 7) Plaintiffs actions were not dilatory, but rather, diligent. Plaintiff Kampas chose to retain counsel and bring his claim before the statute of limitations expired. As soon as possible after filing suit, Plaintiffs searched for the identify of "John Doe," in public records. After negotiating with the City regarding the costs to produce such records, and finally receiving them, Plaintiffs inadvertently identified Benjamin Hawkins as the arresting officer of Plaintiff Kampas, and amended their complaint to name him (R. Doc. 2). Simultaneously, Plaintiffs worked to serve all defendants, and contrary to the claim that "Defendants did not receive notice this lawsuit existed until they were first served in January 2023," the City of St. Louis was served with summons and notice of the lawsuit against them on December 30, 2022 (R. Doc. 10). Plaintiffs were ultimately granted leave of the Court to effectuate service until January 31, 2023 (R. Doc. 11), and on January 20, 2023, the St. Louis City Counselor's office entered their appearance for the Defendants (R. Doc. 12), waiving service for the same officers (R. Docs. 15, 16, and 17), and for officer Lemons (R. Doc. 19).

On April 4, 2023, counsel for all Defendants emailed Plaintiff's Counsel with two photographs, which depicted the Plaintiffs, along with their arresting officers, who were holding a sheet of paper identifying themselves. (See R. Doc. 35, ¶ 9). At that moment, Plaintiffs realized that their identification of Officer Hawkins from the police report was in error, and that Officer Timothy McNamara was definitively the officer who arrested Scott Kampas on October 3, 2017, and is the real defendant party in interest. Plaintiffs communicated their mistake to Defendants'

counsel in preparation for the Rule 16 Conference and expressed their intention to amend their Complaint for a final time to add Officer McNamara as a plaintiff before the Case Management Order's deadline. The Court set a June 14, 2023 deadline for "motions for joinder of additional parties or amendment of pleadings." (R. Doc. 34). On June 14, 2023, Plaintiffs moved for Leave to File a Third Amended Complaint and for Joinder of Additional Defendant Party P.O. Timothy John McNamara (R. Doc. 35). In their motion, Plaintiffs stated that "Counsel for all Defendants were consulted prior to the filing of this motion, pursuant to the Judge's Requirements, (p. 2-3) informed on the amendments therein, and Counsel for Defendants neither consented nor objected to the filing of this motion." (*Id.*, p. 1). The Court granted the motion and Timothy McNamara was joined as a defendant. (R. Doc. 36).

## LEGAL STANDARD

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim contains sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In deciding a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). The Court's task is "context-specific" and requires "draw[ing] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### I.    Defendants Have Waived any Statute of Limitations Defense

Two hundred and seventy days into the instant litigation, Defendants now raise the affirmative defense of statute of limitations for the very first time. Without offering any caselaw to support their contention, Defendants assert that because Plaintiffs amended their original complaint prior to service, they have "nullified their Original Complaint" (R. Doc. 49, p. 9-10). Because of this, Defendants claim that "Defendant Hawkins has been inappropriately added as a party . . . and should be dismissed . . ." (*Id.* at 7). Defendants ignore that "[m]isjoinder of parties is not a ground for dismissing an action." F. R. Civ. P. 21. Admittedly, Plaintiff's amendment of their complaint prior to service of process was not anticipated by F. R. Civ. P. 15(a), but neither does the rule expressly forbid such an amendment. Defendants have presented no caselaw even suggesting that a pre-service amendment to a complaint is fatal to an otherwise well-pleaded claim that is properly served within the allotted time.

After Plaintiffs filed and served their first Amended Complaint, Defendants: 1) consented in writing through opposing counsel to Plaintiffs' request under F. R. Civ. P. 15(a)(2) to file a Second Amended Complaint (*See* R. Doc. 23, and accompanying docket text), 2) Answered Plaintiffs' Second Amended Complaint without pleading statute of limitations as an affirmative defense (R. Doc. 29), and 3) neither objected nor consented to Plaintiffs' Motion for Leave of the Court to File a Third Amended Complaint, when Plaintiffs inquired whether opposing counsel objected pursuant to Judge's Requirements, p. 2-3. This Court should find that Defendants have waived any defense of statute of limitations, by failing to raise it until this late stage.

"If a party fails to plead the defense in its answer or responsive pleading, it waives the statute of limitations defense . . ." *Lanpher v. Metro. Life Ins. Co.,* 50 F. Supp. 3d 1122, 1136 (D.

Minn. 2014). Federal Rule of Civil Procedure 8(c) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense," including statute of limitations. Fed. R. Civ. P. 8(c); *see also* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required," but certain defenses, not including statute of limitations, may be raised by motion); *United States v. Big D Enters., Inc.,* 184 F.3d 924, 935 (8th Cir.1999) ("A defense based upon the statute of limitations is generally waived if not raised in a responsive pleading.").

II.  **Plaintiffs' Fourth Amended Complaint Adequately States a Claim Upon Which Relief Can Be Granted, Because Plaintiffs' Lawsuit Was Filed Within the Time Period Allowed by the Statute of Limitations, and Because Plaintiffs' Amended Complaints All Satisfy the Doctrine of Relation Back.**

As a threshold matter, Plaintiffs' Complaint was filed within the time period allowed by the statute of limitations, and Defendants concede as much (R. Doc. 49, p. 5). Defendants' protestation that they "did not have notice of this action before the statute of limitation expired" is without merit. Defendants attempt to conflate the statute of limitations period with the time allowed for service to the defendants of the existence of the lawsuit, and in doing so, misstate the law. Plaintiff Kampas "is the master of h[is] complaint." *Barker v. Nestle Purina PetCare Co.*, 601 F. Supp. 3d 464, 470 (E.D. Mo. 2022) (citing *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018)). His decision to file suit on the last day that the statute of limitations allowed is not relevant.

A.  **Federal, and Not Missouri Law Determines Whether An Amendment Relates Back**

Defendants' focus on Missouri's procedural rules (R. Doc. 49, p.p. 7, 8, 9) related to relation back of amendments is misplaced, and should not mislead this Court. The question of whether an amended pleading relates back to the filing of the original complaint is one of procedure, and is governed by federal law. *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413,

416 (8th Cir. 1967) ("We are of the view that the issue of relation back is one of procedure and is

controlled by the Federal Rules of Civil Procedure"). The 1991 Advisory Committee Note to

Rule 15(c) is also instructive: "Whatever may be the controlling body of limitations law, if that

law affords a more forgiving principle of relation back than the one provided in this rule, it

should be available to save the claim." But even if Missouri law controlled, the Eighth Circuit

has pointed out that the "Missouri Supreme Court would follow the advisory committee's note

and federal courts' interpretations of Rule 15(c). *See Comm. for Educ. Equal. v. State,* 878

S.W.2d 446, 451 (Mo. 1994) ("Where a federal rule has been construed by the federal courts and

our Court thereafter adopts a rule on the same subject using identical language, there is no

principled way to ignore the federal cases.")." *Plubell v. Merck & Co.*, 434 F.3d 1070, 1072 (8th

Cir. 2006).

**B.  The Amended Complaints Satisfy the "Relation Back" Doctrine**

Fed. R. Civ. P. 15(c) allows an amended complaint to relate back to the date of the timely

original complaint. "The determination of whether an amended pleading should be allowed and

whether it relates back to the date of the original pleading are matters within the sound discretion

of the trial court." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000). In 2010, the United

States Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party

to be added knew of should have known, not on the amending party's knowledge of its

timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A*., 560 U.S. 538,

541 (2010). Under the Federal Rules of Civil Procedure:

"(1) An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct,
transaction, or occurrence set out—or attempted to be set out—in the original
pleading; or

(C) the amendment changes the party or the naming of the party against whom a
claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period
provided by Rule 4(m) for serving the summons and complaint, the party to be
brought in by amendment:

    (i)    received such notice of the action that it will not be prejudiced in
defending on the merits; and

    (ii)    knew of should have known that the action would have been
brought against it, but for mistake concerning the proper party's
identity.

F. R. Civ.P. 15(c)(1).  In this case, there is no question that Plaintiffs' complaint was timely filed
within the period allowed by the statute of limitations. Plaintiffs filed their First Amended
Complaint 66 days after filing their original complaint, specifically to name Benjamin Hawkins
as "John Doe." In the Second Amended Complaint, Plaintiffs alleged that "Defendant Police
Officer[] . . . Hawkins personally participated in the kettling, preventing anyone from leaving the
area." (R. Doc. 2, ¶ 52). "To determine whether an amendment adding a new plaintiff relates
back to the original complaint, federal courts generally either interpret Rule 15(c)(3) or apply a
judicially-created test . . . This court will apply the Rule 15(c)(3) approach because the advisory
committee's note indicates that the rule was intended to apply in situations where a new plaintiff
is added. Under the Rule 15(c)(3) approach, an amendment relates back if "the defendant knew
or should have known that it would be called on to defend against claims asserted by the newly-

added plaintiff," unless "the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff." *Plubell v. Merck & Co.*, 434 F.3d 1070, 1072 (8th Cir. 2006).

Defendants contend that "Hawkins did not receive notice within the statute of limitation and is first made aware of the lawsuit by his attorneys for the purpose of waiving service June 23, 2023" (R. Doc. 49, p. 7). This is incorrect. Defendant Hawkins was put on notice that he was the subject of the Plaintiff's lawsuit on January 20, 2023, the date when his attorney at the City Counselor's office entered his appearance on behalf of Defendant Hawkins, and waived service of the summons. (R. Docs. 12 and 15). As mentioned before, Plaintiffs were granted leave of the Court to effectuate service until January 31, 2023 (R. Doc. 11). But Hawkins was on constructive notice of the suit even before January 20, 2023, because Deputy City Counselor Mike Garvin accepted service of the First Amended Complaint—which named Defendant Hawkins—on December 9, 2022, only 67 days after Plaintiffs first filed their lawsuit (R. Doc. 10).

Rule 4(m) requires service of summons and a complaint within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). But this time period can be extended by the Court. *Id.* That is exactly what happened in this case. "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient notice of the action within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits .... the notice need not be formal." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554, n.5, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) (citing Advisory Committee Notes to the 1966 Amendment). *See also Baez v. JetBlue Airways*, 745 F. Supp.2d 214 (E.D.N.Y. 2010) ("A defendant need not have received formal notice in the form of a summons and complaint [for relation back to apply]; it is sufficient that such notice occur through informal means.").

All of Plaintiffs' amended complaints have set out—or attempted to set out—the same conduct, transaction, or occurrence in the original pleading. Regardless of whether Plaintiffs mistakenly identified Defendant Hawkins as the arresting officer of Plaintiff Kampas in paragraph 83 of their First Amended Complaint, Hawkins would have immediately recognized himself in paragraph 52: "Hawkins personally participated in the kettling, preventing anyone from leaving the area." (R. Doc. 2, p. 9). Defendants' claims that Hawkins didn't know of the existence of the original complaint when he was timely served with the First Amended Complaint, or that "Hawkins is severely prejudiced by the delay in notification" (R. Doc. 49, p. 7) are not well taken. Admittedly, Plaintiffs inadvertently misread the police report when they named Hawkins as the arresting officer of Kampas. However, Defendant's characterization of this honest mistake as "inexcusable," is precisely wrong. *Id.* The Plaintiffs' misidentification of Hawkins is excusable because it was based on a good faith mistake and a reasonable basis, the same sorts of reasons why a District Court is authorized by Fed. R. Civ. P. to extend the time for service. *See Kurka v. Iowa Cty.*, 628 F.3d 957 (8th Cir. 2010). A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. at 548 (quoting Black's Law Dictionary 1092 (9th ed. 2009).

"Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint."  *Id.* (emphasis in original). "The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Id.*

Just as Officer Hawkins always knew that he participated in kittling the Plaintiffs, Officer McNamara always knew that he was the arresting officer of Kampas. He was present on October

3, 2017, and participated with Officers Hawkins and the other Defendant officers in surrounding

Plaintiffs, and unjustifiably stopping their freedom of movement, and then arresting them

without probable cause. As Plaintiffs wrote in their Motion for Leave to File Third Amended

Complaint and for Joinder of Additional Defendant Party P.O. Timothy John McNamara:

"[t]hrough actual notice to high ranking police department defendants Kegel and Larson—

Officer McNamara's supervising officers on the date of the incident at question in the lawsuit—

and also through notice to the City Counselor's office—who would enter their appearance on

behalf of and defend any police officers sued by Plaintiffs—P.O. Timothy McNamara knew or

should have known that he would have been named as a defendant in this matter but for

Plaintiff's mistaken identity of Kampas's arresting officer." (R. Doc. 35, ¶ 12). Additionally, all

of the Defendants in this case are represented by their co-Defendant, the City of St. Louis,

through the same attorneys from the City Counselor's Office. Each and every officer who

participated in unjustifiably surrounding, and then arresting Plaintiffs and who could have been

sued would be represented by the same counsel and indemnified by the City of St. Louis.

Defendant McNamara knew when he committed the constitutional violation that he would likely

be sued thereafter, and he had constructive notice through agents of the City of St. Louis who

were authorized to accept service on his behalf and to enter their appearance on his behalf of the

existence of the lawsuit on December 9, 2022, only 67 days after Plaintiffs first filed their

lawsuit.

　　　　The purpose of relation back is "to balance the interests of the defendant protected by the

statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in

general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa*

*Crociere S. p. A.*, 560 U.S. at 550 (citing Advisory Committee's 1966 Notes 122; 3 Moore's

Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed. 2009)." "Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose." *Id.* Defendants' argument that Plaintiffs' claims don't relate back because they filed their complaint at the very end of the period allowed by the statute of limitations is also foreclosed by *Krupski. Id*. ("The Court of Appeals offered no support for its view that a plaintiff's dilatory conduct can justify the denial of relation back under Rule 15(c)(1)(C), and we find none.") *Id*. at 560 U.S. 552–53.

### III.     Dismissal at This Stage Would Violate Principles of Judicial Economy

If Plaintiff were to be nonsuited by dismissal at this stage, Missouri's Savings Statute, Mo. Rev. Stat. § 516.230 would allow them to re-file their suit within one year of dismissal. *See Kirby v. Gaub*, 75 S.W.3d 916, 918 (Mo. Ct. App. 2002). Missouri's Savings Statute "applies to actions "prescribed in sections 516.010 to 516.370" of the Missouri Revised Statutes." *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 868 (8th Cir. 2005) (citing Mo. Rev. Stat. § 516.230). "By its own terms, the Missouri Savings Statute describes its scope as applying to any action commenced within the *times* prescribed in §§ 516.010 to 516.370, not the *actions* prescribed therein." *Hubler v. Nevada R-5 Sch. Dist.*, No. 06-5088-CV-SW-DW, 2007 WL 9717834, at *1 (W.D. Mo. Mar. 30, 2007) (emphasis in original). Because Plaintiffs § 1983 claims borrow the limitations period found in Mo. Rev. Stat § 516.120, the Savings Statute would operate to extend the statute of limitations for Plaintiffs to refile their lawsuit, and even add additional defendants until one year after a dismissal is entered. *See Garrison v. Int'l Paper Co*., 714 F.2d 757, 759 (8th Cir. 1983) (holding the Missouri Savings Statute applicable to an action under 42 U.S.C. § 1981, even though that particular federal statute is not enumerated in §§ 516.010 to 516.370).

But Defendants cannot avoid the inevitable. This case is headed for a determination of Plaintiffs' rights on the merits, with a trial date less than one year out, and should not be dismissed based on Defendants' narrow and punitive reading of the rules. "The spirit of the Federal Rules of Civil Procedure mandates that court decisions are to be based on the merits, and not on mere technicalities." *Quality Refrigerated Servs., Inc. v. City of Spencer*, 908 F. Supp. 1471, 1488 (N.D. Iowa 1995) (citing *Foman v. Davis*, 371 U.S. 178, 181–82, 83 (1962)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957), abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## CONCLUSION

WHEREFORE, Plaintiffs pray that this Court deny Defendants' Motion to Dismiss for failure to state a claim (R. Doc. 48) and for such further relief as the Court deems fair and just under the circumstances.

This Day July 14, 2023                                Respectfully submitted,

NEWTON BARTH, L.L.P

By:     */s/ Steven S. Hoffmann*
Talmage E. Newton IV 56647 MO
Steven S. Hoffmann 74445 MO
555 Washington Ave. Suite 420
Saint Louis, MO 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
talmage@newtonbarth.com
steven@newtonbarth.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 14th day of July 2023.

<u>/s/ Steven S. Hoffmann</u>