UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. KAMPAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:22-CV-01057-SRC |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiffs make numerous arguments in response to Defendants' Motion to Dismiss. First, Plaintiffs allege Defendants Motion is untimely. Second, Plaintiffs allege Defendants failed to plead statue of limitations defense in their answer. Third, Plaintiffs allege that the fact Defendants consented in writing to Plaintiffs' filing a Second Amended Complaint affects the statute of limitations. Fourth, Plaintiffs allege that Defendant Hawkins was served with process and notice of the lawsuit within the time allowed by leave of this Court. Fifth, Plaintiffs allege that Defendant McNamara received notice of the action during the time allowed for service. Finally, Plaintiffs believe that dismissal would violate the principles of judicial economy because Plaintiffs would be allowed to refile under the Missouri Savings Statute. However, Plaintiffs' positions miss the point of Defendants' motion. By filling their First Amended Complaint prior to serving their Original Complaint, the statute of limitations was not tolled by the Original Complaint and therefore, Plaintiffs' Complaint still remains untimely.

**I.      Defendants Have Not Waived the Statute of Limitation Defense.**

Plaintiffs filed their Fourth Amended Complaint on June 16, 2023. [Doc. 42]. Defendants' Motion to Dismiss [Doc. 48] was filed June 30, 2023. This Motion, in response to Plaintiffs' Fourth

1

Amended Complaint, states that Plaintiffs' pleading is untimely and time barred by the statute of limitations. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt County*, 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884)). Fed.R.Civ.P. 15(a)(3) states, "unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Here, Defendants have filed this Motion within 14 days of Plaintiffs' amended pleading and affirmatively state that Plaintiffs' Fourth Amended Complaint is time barred.

Second, Plaintiffs' have baselessly claimed Defendants waived any statute of limitations defense. Plaintiffs have not alleged that Defendants agreed to waive the statute of limitations, nor have they shown parties have ever discussed the applicable statute of limitations. *CSX Transport Inc v. Carolina Feed Mills, Inc.* is directly on point for this issue, "the district court also held that Carolina had not waived its statute of limitation defense by failing to assert insufficiency of service of process in its answer. The district court further held that Carolina was not estopped from claiming the statute of limitations because the parties never discussed the applicable statute of limitations and , although Carolina's counsel did agree to accept service, he did not agree to waive any statute of limitations defense." *CSX Transp., Inc. v. Carolina Feed Mills, Inc.*, 53 Fed.Appx. 676, 678 (4th Cir. 2002). In order for Defendants to have waived the defense, Plaintiffs must first concede that they are in fact out of time and that they have requested the statute of limitations be waived. Plaintiffs' position is that their complaint was filed in time and do not claim that they have asked for the statute of limitation defense to be waived. Therefore, it would be impossible for Defendants to have waived the defense.

2

Plaintiffs cite *Lanpher* in support of their position that Defendants cannot now assert a statute of limitations argument, however, *Lanpher* is not analogous to the case before this Court. In *Lanpher*, the "defendant was precluded from raising the statute of limitations argument as a defense because it failed to include the defense in its responsive pleadings and was denied permission to amend its answer by the Magistrate Judge." *Lanpher v. Metro. Life Ins. Co.*, 50 F.Supp.3d. 1122, 1136 (D. Minn. 2014). The court held that MetLife's pleadings did not state statute of limitations as a defense and MetLife did not object to the Magistrate Judge's order denying, and did not receive permission to amended, so the defense is waived. *Id.* Here, Defendants did not wait until a motion for summary judgment or after filing an answer to raise the defense. Defendants are doing exactly what the Rules require, Defendants are asserting this defense pursuant to Rule 12(b), in their Motion to Dismiss. Pursuant to Rule 15, Defendants are entitled to file their response or applicable motion after Plaintiffs file an amended pleading.

**II.     Plaintiffs' Fourth Amended Complaint Was Filed Outside the Time Permitted by the Statute of Limitations and does not Satisfy the Doctrine of Relation Back.**
      **A.     Benjamin Hawkins**

Defendant Benjamin Hawkins was first identified in Plaintiffs' First Amended Complaint. Plaintiff identified Defendant Hawkins as the "John Doe" in their original complaint.  Plaintiffs' reply states that their Second [First] Amended Complaint identifies Defendant Hawkins as "Defendant Police Officer…Hawkins personally participated in the kettling, preventing anyone from leaving the area." [Doc. 2, ¶52]. Plaintiffs omit the fact that they additionally identify him by describing his activity to include, "Defendant Benjamin Hawkins handcuffed Plaintiff Kampas…" [Doc. 2, ¶83]. In Plaintiffs' Fourth Amended Complaint they change their claims related to Defendant Hawkins to include for the first time, "The officers—including Defendant Hawkins—who wrote, edited and approved the arrest records and incident report falsely stated that Plaintiffs

3

were observed on the highway." [Doc. 42, ¶105]. Plaintiffs' new claims alleged against Hawkins do not relate back to the allegations related to the "John Doe" in their Original Complaint [Doc. 1].

      Plaintiffs have outlined the elements of F.R.Civ.P. 15(c)(1) in their reply. Plaintiffs fail to show that Defendant Hawkins knew or should have known that this action would be brought against him when the conduct they allege is directly attributable to a different police officer. Plaintiffs were unambiguous in their definition of the "John Doe." Not only was the "John Doe" a police officer who participated in the mass arrest, Plaintiffs clearly describe him as the individual who arrested Plaintiff Kampas. Plaintiffs have changed the allegations against Hawkins in their Fourth Amended Complaint. No longer is he the alleged Doe who arrested Plaintiff Kampas, but now he is accused of new allegations of creating a false police report. Plaintiffs make no allegations that they had any immediate interaction with Hawkins. Plaintiffs assert that by stating Hawkins was an officer who participated in the mass arrest, Defendant Hawkins was sufficiently on notice for his participation in this lawsuit. However, there were dozens of police officers who participated in the arrest of protesters who illegally trespassed on the highway. Plaintiffs' argument that Defendant Hawkins, "would have immediately recognized himself in paragraph 52" is impractical.

      While Plaintiffs acknowledge that they misread the police report, a report that clearly states which officers arrested each protester, [Doc. 50 at 10], Plaintiffs do not explain how their mistake was in "good faith" when the police report is unambiguous of who arrested Plaintiff Kampas. The names of the officers involved is clearly stated in a police report, that has been available for almost half a decade before Plaintiffs identified Hawkins. As such, Hawkins was inappropriately identified as the John Doe. Hawkins is not the "John Doe."  Additionally, Hawkins is not alleged to have violated Plaintiffs' First Amendment Right, retaliated against Plaintiffs' for exercising

4

their First Amendment Right, nor was he involved in their arrests. Hawkins could not have known and would not have known that this action was going to have been brought against him, but for a mistake concerning the proper party's identity, because he's not the proper party. Benjamin Hawkins should be dismissed form this cause with prejudice.

### B. Timothy McNamara

Next, Plaintiffs provide little argument related to Defendant Timothy McNamara. Plaintiffs' stated position is that because Defendants are represented by the same counsel then every officer who participated in the mass arrest on October 3, 2017 should be on notice to Plaintiffs' claims. However, Plaintiffs do not support that position with either rule or law. McNamara is uniquely situated as a defendant because Plaintiffs failed to serve McNamara within the statute of limitations, the time to serve under Rule 4(m), or the service deadline provided by the Court extending the service deadline to January 31, 2023. [Doc. 11]. McNamara was first identified on June 14, 2023, well after the statute of limitation date of October 3, 2022.

Plaintiffs state that McNamara had, "constructive notice through agents of the City." That position is also unsupported. Police officers are not regularly checking in with the Law Department about prospective lawsuits or about lawsuits that are filed where they are not named defendants. Plaintiffs had ample opportunity to correctly name and serve Defendant McNamara and failed to do so in the time prescribed by law. Finally, Plaintiffs are not changing a party or the naming of the party against whom a claim is asserted. Plaintiffs are trying to add McNamara, not replace Hawkins with McNamara.  Rule 15 is not an exception to the statute of limitations when a plaintiff wishes to add a party. Rule 15 only applies when a plaintiff is attempting to change the party or the naming of the party. Plaintiffs are doing neither in relation to McNamara. As such, Rule 15 is inapplicable and Timothy McNamara should be dismissed from this cause with prejudice.

5

**III.     Defendants City of St. Louis, Kegel, Larson, and Lemons.**

As stated in Defendants' Memorandum in Support of their Motion to Dismiss, state law governs the issue of statute of limitations in suits for violation of civil rights under 42 U.S.C. § 1983. *Wilson v. Garcia*, 105 S. Ct. 1938, 1949 (1985). In Missouri, "a long line of cases holds that the filing of a petition and the issuance of summons halts the running of the statute of limitations even though the summons is served thereafter." *Emanuel v. Richards*, 426 S.W.2d 716, 718 (St. Louis Court of Appeals, 1968). However, the court goes on to say,

> Since statutes of limitations are favored by the law, they should not be perverted or extended by stratagems. If the commencement of an action is to stop the running of a statute of limitation, the commencement must be genuine—one made in good faith. This qualification works two ways, actively and passively. First, the principle of 'commencement' does not apply when a plaintiff files suit within time but actively obstructs service of process until a time after the limitation period has run its course. *See Green v. Ferguson*, Mo.App., 184 S.W.2d 790(2), and *Hill-Behan Lumber Co. v. Sellers*, Mo.App., 149 S.W.2d 465(2—4). Second, the passive phase of the qualification is a corollary to the active phase: the filing of a petition and issuance of summons is but a conditional halting of the statute of limitation, and unless a plaintiff thereafter exercises due diligence in obtaining service of process the statute continues to run. *Id.*

Here, Plaintiffs actively obstructed service of process until after the limitations period expired. Plaintiffs filed on the last day of the statute of limitations. Plaintiffs did not exercise due diligence in obtaining service of process at the time they filed their Original Complaint. The electronic management system shows that Plaintiffs never attempted service of their Original Complaint. Plaintiffs did not request a summons to be issue until December 8, 2022, at the time they filed their First Amended Complaint. As such, Plaintiffs have failed to commence their lawsuit within the statute of limitations in good faith and as such, claims against Defendants should be dismissed with prejudice.

Plaintiffs state that they were diligent in requesting additional time to serve their First Amended Complaint, however, that ignores the procedural history of this case. Plaintiffs' decision

to file suit on the last day of the statute of limitations allowed is relevant as it provided them no time to delay the service requirements under Missouri law. Plaintiffs' failure to attempt to serve their Original Complaint forfeits their attempt to toll the statute of limitations on October 3, 2022. Tolling the statute of limitations truly began on December 8, 2022 when they requested summons for the Defendants and began the process to serve process. December 8, 2022 is 66 days after the deadline to file their claim under Missouri law and therefore, Plaintiffs' suit is time barred. Claims against all Defendants should be dismissed with prejudice.

### IV. RSMo. 516.230, Missouri Savings Statute, is Inapplicable.

RSMo. 516.230 only applies to actions that are commenced within the statute of limitations.

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him.

Here, as outline in detail above, Plaintiffs filed their First Amended Complaint out of time on December 8, 2022. Therefore, a dismissal of all Defendants should be with prejudice and Plaintiffs will be prohibited from refiling this suit under the Missouri Savings statute.

Plaintiffs' argument about judicial economy is well taken and Plaintiffs are the masters of their lawsuit. But the statute of limitations is not a technicality, it is the law. Plaintiffs have been aware of their alleged claims for over half a decade and waited until the last day to file suit. Plaintiffs demonstrated, through the procedural history of this case, that they had no intention of serving their Original Complaint and were using it as a tool to toll the statute of limitations.

However, in Missouri, if the commencement of the action is meant to toll the statute of limitations, it must be in good faith. Here, Plaintiffs have not shown a good faith commencement of their suit. Plaintiffs did not seek a waiver of service of the Original Complaint, they did not request summons, and they did not attempt service of summons on any of the Defendants. As such, the filing of the Original Complaint did not toll the statute of limitations and Plaintiffs' Fourth Amended Complaint should be dismissed with prejudice.

**V.  Conclusion**

WHEREFORE, Defendants pray this Court grant Defendants' Motion to Dismiss for failure to state a claim and for such further relief as the Court deems fair and just under the circumstances.

Dated: July 20, 2023

Respectfully submitted,
SHEENA HAMILTON
CITY COUNSELOR

*/s/ Adriano Martinez*
Adriano Martinez, 69214 MO
Associate City Counselor
Martineza@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-4651
Fax 314-622-4956
*Attorneys for Defendants*