UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. KAMPAS and STEVEN S. HOFFMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:22-cv-01057-SRC |
| CITY OF ST. LOUIS et al., | ) ) ) | |
| Defendants. | ) | |

**Memorandum and Order**

This case arises out of protests following the exoneration of St. Louis Metropolitan Police Department ("SLMPD") Officer Jason Stockley, a Caucasian who shot and killed an African American while on duty.  Doc. 42 at ¶ 29–31.  The case currently before the Court presents questions regarding whether SLMPD's conduct violated the civil rights of two private citizens who acted as purported legal observers during the protests.  *Id.* at 2.  Defendants seek to dismiss all claims brought against them as untimely under the statute of limitations.  *See* doc. 48.  As explained below, the Court grants Defendants' motion in part and denies it in part, holding that Plaintiffs timely filed their complaint within the statute of limitations and properly raised their claims against all defendants except Timothy McNamara.

I.      **Background**

A.  **Factual background**

For purposes of resolving the underlying motion to dismiss, the Court accepts the following well-pleaded facts as true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On October 3, 2017, Plaintiffs documented the public's response in St. Louis to the Stockley verdict and the SLMPD's response to the public's protests.  Doc. 42 at ¶ 8.  Plaintiffs did not

1

participate in the protests but rather observed them to gather news to report to others.  *Id.* at ¶ 9.
SLMPD officers eventually employed a law-enforcement tactic called "kettling," which required
the officers to surround and encircle Plaintiffs and the protesters, trap them inside the "kettle,"
and eliminate any means of egress.  *Id.* at ¶¶ 58–65.  Plaintiffs requested to leave the kettle, but
the officers ignored them.  *Id.* at ¶ 89.

The officers then arrested Plaintiffs.  *Id.* at ¶¶ 91–102.  Defendant Timothy McNamara
arrested Plaintiff Scott Kampas.  *Id.* at ¶ 102.  Defendant Bryan Lemons and other officers placed
Plaintiff Steven Hoffman in a transport van.  *Id.*  Defendant Benjamin Hawkins wrote the arrest
records and incident report.  *Id.*  And Defendants Kenneth Kegel and Eric Larson acted as the
supervisors of Hawkins, Lemons, and McNamara.  *Id.*

## B.  Procedural background

Plaintiffs filed their original complaint on October 3, 2022, naming as defendants the
City of St. Louis, John Doe #1, Kegel, Larson, and Lemons.  Doc. 1.  Plaintiffs never served this
complaint.  Instead, Plaintiffs filed an amended complaint roughly two months after they filed
the original complaint.  Doc. 2.  The first amended complaint replaced "John Doe #1" with
Hawkins.  *Id.*  Plaintiffs did not have Defendants' consent or leave of Court to file the amended
complaint.  Following two extensions of time to serve the amended complaint, Plaintiffs filed
executed waivers-of-service for all then-named defendants by January 31, 2023—the deadline
for service as extended by the Court.  Docs. 7, 14, 15, 16, 17, 19.

In March 2023, Plaintiffs obtained Defendants' consent to file a second amended
complaint and did so.  Doc. 27.  A few months later, Plaintiffs requested leave of Court to file a
third amended complaint to add a new defendant (McNamara).  Doc. 35.  The Court granted
Plaintiffs' request, doc. 36, and filed their third amended complaint, doc. 37.  That same day,

Plaintiffs requested leave of Court to file a fourth amended complaint to correct minor formatting errors in the third amended complaint.  Doc. 38.  The Court granted that request, doc. 41, and filed the fourth amended complaint on June 16, 2023, doc. 42.  Two weeks later, Defendants timely filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the applicable statute of limitations bars Plaintiffs' claims.  *See* doc. 48.

## II.     Standard

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  "As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal ....'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008).  Under Rule 12(b)(6), however, the Court can dismiss a claim based on a statute-of-limitations defense if "the complaint itself establishes the defense." *Id.*

In many cases involving a statute-of-limitations defense, such as this one, the Court must address whether the filing of the original complaint tolled the statute of limitations as it relates to the claims asserted in later-filed amended complaints.  Here, Defendants argue that the statute of limitations bars Plaintiffs' claims alleged in the fourth amended complaint because they do not relate back to the governing pleading.  Their arguments hinge on an alleged violation of Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, and 15(c), which governs when an amendment relates back to an original pleading.  The parties fully briefed this matter before the recent amendments to Rule 15 took effect.  Accordingly, the 2009 version of Rule 15 applies in this case.  *See* Fed. R. Civ. 86(a)(1).  It provides in relevant part:

(a)  AMENDMENTS BEFORE TRIAL.

(1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:

3

      (A) 21 days after serving it, or

      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

  (2) *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

  (3) *Time to Respond.*  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

...

(C) RELATION BACK OF AMENDMENTS.

  (1) *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:

      (A) the law that provides the applicable statute of limitations allows relation back;

      (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

      (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

          (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

          (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

4

As the Eighth Circuit has explained, "the purpose of Rule 15(c) is to permit cases to be decided on their merits" and "has been liberally construed." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996).

## III.   Discussion

After the Stockley verdict, Plaintiffs purportedly acted as legal observers during the protests that erupted in St. Louis.  They allege that Defendants violated their civil rights when Defendants arrested Plaintiffs during the protests.  Specifically, Plaintiffs allege that Defendants violated their right to freedom of speech, retaliated against Plaintiffs for their First Amendment activity, and violated the Fourth Amendment by unlawfully seizing Plaintiffs. Doc. 42 at ¶¶ 165–87.  Plaintiffs also claim that the City failed to instruct, train, supervise, control, and/or discipline SLMPD officers. *Id.* at ¶¶ 188–96.

Defendants do not dispute that Plaintiffs have sufficiently pleaded these claims.  Instead, Defendants argue that the statute of limitations bars them because Plaintiffs filed them late.  The applicable statute of limitations, Missouri Revised Statute § 516.120, requires plaintiffs to file their 42 U.S.C. § 1983 claims within five years. *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985).  Here, the parties agree that the last day for Plaintiffs to timely file their claims was October 3, 2022. *See* doc. 49 at 5; doc. 50 at 2–3, 6.  Plaintiffs filed their original complaint on that day. Doc. 1.

### A.  Preliminary issues

This case presents several preliminary issues that impact the resolution of the arguments Defendants make in their motion to dismiss, which are addressed in Section III(b) of this order. These preliminary issues include (1) which of the various complaints the Court should use to determine whether the statute of limitations bars Plaintiffs' claims; (2) whether Defendants

waived their statute-of-limitations defense; and (3) what procedural rule governs whether the claims and factual allegations asserted in the fourth amended complaint relate back to the original pleading.  The Court addresses these issues in turn.

### i.  Plaintiffs' original complaint governs whether the statute of limitations bars Plaintiffs' claims.

The parties agree that, if the original complaint governs for statute-of-limitations purposes, Plaintiffs (1) timely filed it and (2) properly alleged their claims in the fourth amended complaint so long as they relate back to the original complaint.  Defendants' arguments regarding their statute-of-limitation defense largely hinge on the theory that Plaintiffs nullified their original complaint by filing their first amended complaint in violation of Rule 15(a).  And, as a result, the Court must look to the first amended complaint as the governing first pleading in this case.  Under Defendants' view, the statute of limitations bars all claims because Plaintiffs filed the first amended complaint 66 days after the statute of limitations had run.

The Court finds that Plaintiffs complied with Rule 15(a) when they filed their first amended complaint.  Rule 15(a) allows a party to "amend its pleading once as a matter of course."  As Plaintiffs admit, Rule 15(a) does not explicitly contemplate the issue presented in this case:  whether Plaintiffs can amend their original complaint as a matter of course before serving it.  Doc. 50 at 5; Fed. R. Civ. P. 15(a) (allowing amendment as a matter of course within 21 days of serving a pleading, within 21 days after service of a responsive pleading, or within 21 days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f)).

Defendants claim that Rule 15(a) does not allow Plaintiffs to amend their complaint as a matter of course before serving it.  Doc. 49 at 9–10.  But they have not identified any binding caselaw, nor has the Court found any, that supports that construction of Rule 15(a).  Some district-court decisions support Defendants' position.  *See, e.g.*, *Stephens v. Atlanta Indep. Sch.*

*Sys.*, No. 1:13-cv-978-WSD, 2013 WL 6148099, at *2 (N.D. Ga. Nov. 22, 2013) ("The Amended Complaint … was not filed of right" because "the Original Complaint had not been served, an answer had not been served, and a Rule 12 motion had not been filed.").  But the majority of caselaw negates a strict construction of Rule 15(a) that requires a plaintiff to amend a pleading as a matter of course within narrow time frames.  *See, e.g.*, *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) ("Nothing … in either the text of Rule 15 or in the advisory committee's notes evinces an intent to confine amendments as a matter of course under Rule 15(a)(1)(B) to a narrow window following service of an answer or responsive motion."); *John Doe #1 v. Syracuse Univ.*, 335 F.R.D. 356, 358 (N.D.N.Y. 2020) (noting that the 2009 amendment to Rule 15(a)(1) did not affect plaintiff's ability "to amend as a matter of course at any time between filing his complaint and receiving the defendant's answer" (citation omitted)).

The Court finds the First Circuit's position persuasive because it is consistent with the text, purpose, and history of Rule 15(a).  The 2007 version of Rule 15(a) plainly allowed amendments before service of a pleading.  Fed. R. Civ. P. 15(a)(1) (2007).  The 2009 revisions to the rule were designed to make three specific changes in the time allowed to make an amendment as a matter of course.  Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.  The 2009 revisions notably focused on the *termination* of the amendment period rather than the *start* of it.  *Id.*  And they emphasized the wisdom of amending a complaint in response to a motion to reduce the number of issues to be decided, to "expedite determination of issues that otherwise might be raised seriatim," and to "advance other pretrial proceedings."  *Id.* A literal reading of the 2009 version of Rule 15(a), which Defendants advocate for, may limit amending as a matter of course to "within" three specific and narrow time frames, but that would be a "tortured interpretation of Rule 15" that "defies common sense" and "runs contrary to the

7

historic structure of Rule 15." *D'Agostino*, 802 F.3d at 193.  Rule 15(a)(1) does not require amending as a matter of course to occur within specific, narrow time frames but rather liberally allows a party to amend its pleading by a certain time.  Notably, the 2023 amendment reinforces the reasoning of *D'Agostino* and clarifies the proper application of the rule.  Fed. R. Civ. P. 15 advisory committee's note to 2023 amendment ("'No later than' makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B).").

Here, Plaintiffs amended their original complaint before serving it and before Defendants filed any responsive pleading.  Their amended complaint identified "John Doe" as Hawkins and provided additional factual elaboration on the events leading to this suit.  And the amended complaint saved all parties involved time and resources by preventing the service of, and response to, a defective complaint.  Accordingly, the Court holds that Plaintiffs properly amended their original complaint as a matter of course, and that all claims and factual allegations in this case must relate back to the original complaint, doc. 1.

Moreover, even if Rule 15(a) does not allow a plaintiff to amend a pleading as a matter of course before serving it, the Court liberally allows Rule 15(a) amendments, Fed. R. Civ. P. 15(a)(2), and generally grants them unless a compelling reason exists to deny them "such as … undue prejudice to the non-moving party," *see Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1480 (3d ed. 2023).  If Plaintiffs would have requested leave of Court to amend their original complaint, the Court would have granted their request because no evidence supports that the first amended complaint would cause, or did cause, prejudice to Defendants.

### ii.   Defendants did not waive their statute-of-limitations defense.

Plaintiffs claim that Defendants waived their statute-of-limitations defense by (1) raising it 270 days into litigation; (2) failing to plead the defense in their answer to the second amended complaint; and (3) consenting in writing to Plaintiffs' filing of a second amended complaint. Doc. 50 at 1.

In the Eighth Circuit, "[a] defense based upon the statute of limitations is generally waived if not raised in a responsive pleading." *United States v. Big D Enters., Inc.*, 184 F.3d 924, 935 (8th Cir. 1999); *see also* Fed. R. Civ. P. 8(c) (requiring a party to raise a statute of limitations defense in a responsive pleading); Fed. R. Civ. P. 12(h)(2) (allowing legal defenses to be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial"). The Eighth Circuit interprets the pleading requirements liberally by "[declining] to adhere to a construction of the Rule that would privilege 'form over substance.'" *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 765 (8th Cir. 2022) (quoting *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). "As long as an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal." *Id.* at 766 (quotation omitted).

Defendants did not comply with Rule 8 and Rule 12 because they failed to raise the statute-of-limitations defense in their answer to the second amended complaint. *See* doc. 29; Fed. R. Civ. P. 8(c)(1); Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(h)(2). Typically, the Court would consider Defendants' failure to do so a waiver of their defense. *See Big D Enters.*, 184 F.3d 924 at 935. Here, however, Defendants had additional opportunities to raise their defense because Plaintiffs filed additional amended complaints. *See* docs. 37, 42. Since Plaintiffs filed their fourth amended complaint, Defendants have not filed a responsive pleading. But they did

9

timely file the underlying Rule 12(b)(6) motion and raised the statute-of-limitations defense in that motion.  Doc. 48; Fed. R. Civ. P. 12(a)(1)(B), (b)(6).

Although Defendants' motion does not technically satisfy the pleading requirements for an affirmative defense, *see* Fed. R. Civ. P. 12(h)(2)(a); Fed. R. Civ. P. 7(a), Defendants appropriately raised the statute of limitations defense in their motion.  The statute-of-limitations issue in this case revolves around whether the amended complaints relate back to the original complaint.  The Court can resolve that issue by reviewing the pleadings themselves.  Defendants, therefore, appropriately raised their statute-of-limitations defense in their motion.  *See Joyce*, 635 F.3d at 367 ("As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" (quoting *Jessie*, 516 F.3d at 713 n.2)).  Moreover, even though Defendants did not technically comply with the Rule 8 and Rule 12 pleading requirements, Defendants raised their statute-of-limitations defense in the normal course of pleading and motions.  And Plaintiffs have offered no explanation of how Defendants' raising their statute-of-limitations defense at this point in litigation caused unfair surprise to Plaintiffs.  *Crutcher*, 22 F.4th at 765–66.  Accordingly, the Court holds that Defendants have not waived their statute-of-limitations defense.

### iii.   Rule 15(c) governs the relation-back issues in this case.

The Court finds it is necessary as an initial matter to clarify what procedural rule governs the issues raised in this case.  Throughout their motion to dismiss and reply, Defendants make several arguments regarding the application of Missouri Rule of Civil Procedure 55.33(c).  The Court could construe those arguments as falling into one of two categories:  (1) arguments contending that the Court should apply a state procedural rule in federal court instead of a federal

rule or (2) arguments contending that the statute of limitations incorporates the state procedural rule into the governing substantive law.  *See* doc. 49 at 7–10; doc. 51 at 6–7.  Regardless of which category Plaintiffs' arguments fall into, Rule 15(c) governs the issues before the Court.

The Court applies federal procedural rules in § 1983 cases, which invoke the Court's federal-question jurisdiction.  State law does govern the statute-of-limitations questions raised in this type of case.  *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).  But § 1983 does not deviate from the principle that "the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure."  *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 416 (8th Cir. 1967).  Thus, to the extent that Defendants ask the Court to apply a state procedural rule instead of the federal procedure rule, the Court does not have authority to do so.

Further, to the extent Defendants claim that Missouri Revised Statute § 516.120 incorporates state-procedural law, the Court finds that whether Missouri Revised Statute § 516.120 incorporates Rule 55.33(c) does not make a difference in this case.  Under Rule 15(c)(1), an amended claim relates back to the original complaint when "the law that provides the applicable statute of limitations allows relation back."  Eighth Circuit and Missouri Supreme Court precedent explain that Missouri derived Rule 55.33(c) from Rule 15(c) and "would follow the advisory committee's note and federal courts' interpretation of Rule 15(c)" when determining whether an amendment relates back to the original complaint.  *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1072 (8th Cir. 2006).  Thus, the Court applies federal interpretations of Rule 15(c) when deciding the relation-back issues in this case.

11

### B. Defendants' arguments

In their motion, Defendants argue that the Court should dismiss all claims against them. Specifically, they argue that the statute of limitations bars the claims as raised in the fourth amended complaint because the claims do not relate back to the original complaint and, as a result, Plaintiffs did not timely file their claims. The Court addresses the claims against each defendant below.

#### i. Plaintiffs' claims against the City, Kegel, Larson, and Lemons relate back to the original complaint.

Defendants claim that the Court should dismiss Plaintiffs' claims against the City, Kegel Larson, and Lemons because Plaintiffs did not timely file them. Doc. 49 at 8–9; doc. 51 at 6–7. As explained above, the original complaint governs the relation-back issues presented in this case. Plaintiffs timely filed that complaint and timely effected service. Accordingly, the Court denies Defendants' motion to dismiss as it pertains to the City, Kegel, Larson, and Lemons.

#### ii. Plaintiffs' claims against Hawkins relate back to the original complaint.

Defendants argue that the Court should dismiss Plaintiffs' claims against Hawkins because, as alleged in the fourth amended complaint, those claims do not satisfy Rule 15(c) and therefore the statute of limitations bars them. *See* doc. 49 at 5–7; doc. 51 at 3–5. In turn, Plaintiffs argue that (1) the claims against Hawkins satisfy Rule 15(c)(1)(C) because they relate back to the original complaint and, (2) within the Rule 4(m) time period, Hawkins received notice of the claims against him and knew or should have known that that but for Plaintiffs' mistake he would have been sued. Doc. 50 at 7–10. The Court agrees with Plaintiffs that the fourth amended complaint as it pertains to Hawkins satisfies Rule 15(c)(1)(C) for two reasons.

First, Plaintiffs' claims against Hawkins as raised in the fourth amended complaint arose out of the same factual situation alleged in Plaintiffs' original complaint. Rule 15(c)(1)(C) requires that amended claims arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" to relate back for statute-of-limitations purposes. To determine if claims relate back, the Court engages in the "basic inquiry" of "whether the amended complaint is related to the general fact situation alleged in the original pleading." *Alpern*, 84 F.3d at 1543 (citation omitted). The Court has the discretion to determine whether an amended complaint "relates back to the date of the original pleading." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000) (citation omitted).

Here, the original complaint alleged that police officers surrounded Plaintiffs by employing the kettling method, doc. 1 at ¶ 34, arrested Plaintiffs, *id.* at ¶ 42, put them in a van, *id.* at ¶¶ 47–48, and transported them to a jail, *id.* at ¶ 49. The original complaint specifically alleged that "John Doe #1 handcuffed Plaintiff Kampas." Doc. 1 at ¶ 47. In their first amended complaint, Plaintiffs replaced "John Doe #1" with Hawkins. Doc. 2 at 2. The fourth amended complaint alleges that Hawkins personally participated in the kettling, doc. 42 at ¶ 66, and "wrote, edited, and approved the arrest records and incident report" that contained false allegations regarding Plaintiffs' involvement in the protest, *id.* at ¶ 105. Based on these factual allegations, the Court finds that the claims asserted against Hawkins in the fourth amended complaint "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(b).

The Court recognizes that the specific factual allegations regarding Hawkins have changed since the original pleading. In the original pleading, Plaintiffs accused John Doe of arresting Kampas. Doc. 1 at ¶ 47. The first amended complaint—i.e., the first complaint served

upon Hawkins and all other defendants except McNamara—alleged that Hawkins arrested Kampas, doc. 2 at ¶83, and raised for the first-time factual allegations regarding Hawkins falsifying arrest records and incident reports, doc. 2 at ¶ 86.  And the fourth amended complaint continues to accuse Hawkins of falsifying arrest records and incident reports but no longer lists him as Kampas's arresting officer.  Doc. 42 at ¶¶ 102, 105.

Although the specific factual allegations against Hawkins have changed, this is not detrimental under Rule 15(c).  The Rule 15(c)(1)(b) standard does not require absolute precision in detailing the factual allegations against a defendant.  Rather, it merely requires that the amended claims and factual allegations relate to the general fact situation alleged in the original pleading.  *See Alpern*, 84 F.3d at 1543.

For example, in *Mandacina v. United States*, the Eighth Circuit held that more specific factual allegations contained in a supplemental pleading related back to the general facts contained within the original pleading.  328 F.3d 995, 1000–01 (8th Cir. 2003).  In his original 28 U.S.C. § 2255 motion, John Mandacina alleged that the government failed to disclose "'any and all' investigative material obtained by" the police department that supported his defense theory.  *Id.* at 1001.  His supplemental motion referred to a specific report, the Borland Report. *Id.*  But Mandacina had not mentioned that report in his original motion.  *Id.*  The court held that, under Rule 15(c), the specific factual allegation in the supplemental motion related back to the original motion because the original motion provided "the government with the notice that the statutes of limitation were intended to provide."  *Id.*

Here, the factual allegations regarding Hawkins in the fourth amended complaint undoubtedly relate to the general fact situation addressed in Plaintiffs' original pleading. Plaintiffs amended their complaint to provide additional elaboration on the same fact situation

14

and claims alleged in the original complaint; they did not assert claims or factual allegations wholly unrelated to original complaint.  The original complaint provided Hawkins with the notice that the statute of limitations was intended to provide.  Accordingly, the Court holds that the factual allegations satisfy the first prong of relation back under Rule 15(c)(1)(C).

Second, within the time constraints of Rule 4(m), Hawkins (1) received notice of the action that would not prejudice him in defending against this action and (2) knew or should have known that but for Plaintiffs' mistake, the action would have been brought against him.  Under Rule 4(m), a plaintiff must serve a defendant with the complaint within 90 days of filing it.  If a plaintiff does not complete service within that time, the Court "must dismiss the action without prejudice against that defendant."  Fed. R. Civ. P. 4(m).  The Court may extend the deadline for service if a plaintiff shows good cause.  *Id.*

In this case, the Court extended the deadline for service to January 31, 2023.  Doc. 11.  Hawkins's attorney entered his appearance on January 20, 2023, doc. 12, and Plaintiff filed an executed waiver of service for Hawkins on January 30, 2023, doc. 15.  Thus, Hawkins had sufficient notice of the lawsuit within the Rule 4(m) deadline.  Although Plaintiffs mistakenly identified Hawkins in the first amended complaint as Kampas's arresting officer, that same complaint also contained factual allegations regarding Hawkins falsifying arrest reports and incident reports.  As explained above, these factual allegations arise out of the same transaction detailed in the original complaint, and they form the basis of the claims in the fourth amended complaint.  These factual allegations were sufficient to put Hawkins on notice such that he would not be prejudiced in defending against this action, and to show that he knew or should have known that but for Plaintiffs' mistake, the action would have been brought against him.

Hawkins therefore had sufficient notice to satisfy the second and third prongs of Rule 15(c)(1)(C).

As explained above, all claims against Hawkins as alleged in the fourth amended complaint satisfy Rule 15(c)(1)(C).  Accordingly, the Court denies Defendants' motion to dismiss to the extent it pertains to Hawkins.

### iii.  Plaintiffs' claims against McNamara do not relate-back to the original complaint.

Defendants argue that the Court should dismiss all claims against McNamara because, under Rule 15(c), he did not have timely notice of this suit.  Plaintiffs, in response, argue that McNamara had constructive notice that satisfies Rule 15(c) and Rule 4(m).  Doc. 50 at 10–11.

For an amendment adding a party to relate back to an original complaint, the added party must have "received such notice of the action that it will not be prejudiced in defending on the merits," and that party must have known "or should have known that the action would be brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(B)–(C).  The added party must have had sufficient notice "within the period provided by Rule 4(m) for serving the summons and complaint."  *Id.* at 15(c)(1)(C).

Here, McNamara did not receive sufficient notice within the Rule 4(m) timeframe.  The Rule 4(m) timeframe, as extended by the Court, expired on January 31, 2023.  Based on the evidentiary record before the Court, McNamara did not personally receive notice of the lawsuit by that date.  Instead, he received notice roughly three months later when Plaintiffs added him in their third amended complaint.  Docs. 37, 39.  Plaintiffs attempt to overcome the lack of actual notice by claiming that McNamara had constructive notice because he shares the same attorney as his co-defendants, who all timely received notice.  Plaintiffs provide only a cursory explanation of this "shared attorney" form of notice, offering not even a single case citation to

support their argument.  Doc. 50 at 11.  The Court's review of caselaw showed that some courts recognize the shared-attorney form of constructive notice.  *See, e.g.*, *Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 196 (3d Cir. 2001).  But Plaintiff has not convinced the Court that the Eighth Circuit recognizes this form of notice or that it is consistent with Rule 15(c).  Because Plaintiffs failed to demonstrate that McNamara had sufficient notice via either actual notice or constructive notice, the Court holds that Plaintiffs' claims against McNamara do not satisfy 15(c) and grants Defendants' motion to dismiss as to McNamara.

### IV.    Conclusion

Accordingly, the Court grants in part and denies in part Defendants' [48] Motion to Dismiss.  The Court denies the motion as it relates to the City of St. Louis, Benjamin Hawkins, Kenneth Kegel, Eric Larson, and Bryan Lemons.  The Court grants the motion as to Timothy McNamara.

So ordered this 20th day of December 2023.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE