**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT A. KAMPAS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No.:    4:22-cv-01057-SRC |
| v. ) | |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY'S SUPPLEMENTED RESPOSNES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT CITY OF ST. LOUIS**

1. A copy of any and all reports prepared by the St. Louis Metropolitan Police Department relevant to *the Arrests* of October 3, 2017. This request includes, but is not limited to:

    a. CN 17-048640;

    b. Any overall reports, whether original or supplemental;

    c. Individual original arrest reports;

    d. Evidence technician reports;

    e. Use of Force reports;

    f. Specialized unit reports;

    g. Intelligence reports;

    h. Tactical unit reports;

    i. Any I/LEADS report from the arrest of either plaintiff.

**RESPONSE:**

    a. See City_000001-000487.
    b. See City_000001-000487.

Exhibit 2

    c.  See City_000001-000487
    d.  See City_000001-000487
    e.  See City_000001-000487
    f.  See City_000488
    g.  None.
    h.  **Objection, City of St. Louis Police Division does not have "tactical units."**
    i.  See City_000489-000501

2. To the extent it is not included in your response to request for production number 1 (above), produce the arrest reports of both Plaintiffs, to include but not be limited to the arrest report, booking reports and booking photos, and any jail or detention records from the *Arrests*.

**RESPONSE: See City_000502-000503**

3. A copy of all non-privileged statements obtained by or on behalf of any Defendant from any agent, employee, or elected official of the City, including notes of any such statement taken which relate to the allegations contained in Plaintiffs' Complaint.

**RESPONSE: Objection. Overly broad, vague, and unduly burdensome. The scope of the request could include thousands of individuals. Plaintiffs must specifically identify specific individuals. Without a more narrow scope, it is impossible to answer Plaintiffs' request.**

4. A copy of all non-privileged statements obtained by or on behalf of any Defendant from any third-party, including notes of any such statement taken which relate to the allegations contained in Plaintiffs' Complaint.

**RESPONSE: Objection. Overly broad, vague, and unduly burdensome. The scope of the request could include thousands of individuals. Plaintiffs must specifically identify specific individuals. Without a narrower scope, it is impossible to answer Plaintiffs' request.**

Exhibit 2

5.	All videos and photographs of the *Arrests* which are in possession of the Defendants. This request includes, but is not limited to: images taken by the S.L.M.P.D. as part of their response, images taken by individual officers on their personal devices, footage taken by third-parties that is in the possession of the Defendant, aerial footage, CCTV footage, real time police crime center footage, etc.

**RESPONSE: See City_000708-000721, City_000728-000739.**

6.	Any written policies, procedures, or general or special general orders of the S.L.M.P.D. that were in effect in the years 2012 – 2017 concerning: (a) probable cause for making arrests, (b) arresting groups or crowds of people, (c) video and/or audio recording or photographing of police activity, (d) crowd control or riot response, and (e) respecting first amendment rights of protestors, (f) public space training, (g) protesting, (h) police interactions with Media or Legal Observers.

**RESPONSE: See City_000504-000689.**

7.	Any lists of all command staff, their assignments, and their orders for command staff who were on duty on October 3, 2017.

**RESPONSE: Objection. Overly broad, vague, and unduly burdensome. Defendant City staffs police officers 24 hours a day, seven days a week. Plaintiffs' request is not narrowly tailored to their complaint nor is it specific to what command staff they are seeking to establish assignments or orders for command staff.**

Exhibit 2

8.  Any and all duty roster lists and squad assignment lists of police officers on October 3, 2017.

**RESPONSE: Objection. Plaintiffs' request is overly broad, unduly burdensome, and impermissibly vague. Plaintiffs' request is not specific to the incidents that they allege in their complaint. Plaintiffs' request would encompass every officer that worked on October 3, 2017 in the City of St. Louis.**

9.  Any and all S.L.M.P.D. radio, C.A.D., communication or dispatcher tapes which contain radio traffic or communications about the *Arrests*. This request is intended to include, but not be limited to:

   a. Information channels;
   b. Tactical channels;
   c. Intelligence channels;
   d. Radio to radio;
   e. Car to car;
   f. Cellular traffic.

**RESPONSE: See City_ 000740-000771.**

10. All communications on computer logs relevant to the *Arrests*.

**RESPONSE: See City_000690-000707.**

11. Any and all emails by any officer, command staff, or civilian related to the *Arrests*.

Exhibit 2

**RESPONSE: Objection. Plaintiffs' request is overly broad, unduly burdensome, and impermissibly vague. Plaintiffs have not identified which officers, command staff, or civilian, date ranges for an email search, or potential topics to search. Without additional information, Defendants are unable to understand the scope of Plaintiffs' request.**

12. For any officers present at The Arrests, any and all "roll call notes" or "desk books" or "instructions from roll call" which those officers were provided on October 3, 2017.
**RESPONSE: None.**

13. Any "working orders" or instructions provided to supervisors to be communicated at any roll calls on October 3, 2017.
**RESPONSE: Objection. Plaintiffs' request is overly broad, unduly burdensome, and impermissibly vague. Defendants do not possess documents titled "working orders" and are unfamiliar with what Plaintiffs are requesting.**

14. Any documents or reports created by the Internal Affairs Division related to the *Arrests* and the *Incidents*.
**RESPONSE: Objection. Plaintiffs' request is overly broad, unduly burdensome, and impermissibly vague. Internal Affairs documents or reports are protected under City of St. Louis Ordinance No. 61952. Plaintiffs date range include claims that are wholly unrelated to Plaintiffs' claims related to their arrests on October 3, 2017.**

Exhibit 2

15. Any documents or reports in the control or possession of the Civilian Oversight Board related to the *Arrests* and the *Incidents*.

**RESPONSE: Objection. Plaintiffs' request is overly broad, unduly burdensome, and impermissibly vague. Civilian Oversight Board documents or reports are protected under City of St. Louis Ordinance No. 61952. Plaintiffs date range include claims that are wholly unrelated to Plaintiffs' claims related to their arrests on October 3, 2017.**

16. Any *Garrity* statements made by any officer that is related to the *Arrests*.

**RESPONSE: None.**

17. Any City or police intelligence file or dossier concerning either (a) Scott Kampas or (b) Steven Hoffmann.

**RESPONSE: None.**

18. Any notes, emails, narratives, or memorandum sent by officers to any member of the documentation team concerning the *Arrests*.

**RESPONSE: Objection. Plaintiffs' request is overly broad, unduly burdensome, and impermissibly vague. Plaintiffs have not identified which officers, command staff, or civilian, date ranges for an email search, or potential topics to search. Without additional information, Defendants are unable to understand the scope of Plaintiffs' request.**

19. Any statements or press or news releases by the Chief of Police, the Office of the mayor, the Director of Public Safety, or the Public Information Division of the Metropolitan Police Department concerning any of the *Incidents* and *Arrests*.

**RESPONSE: See City_000722-000727.**

Exhibit 2

20. All settlement agreements which the City, the S.L.M.P.D., or individual S.L.M.P.D. officers or employees have paid or entered into arising out of both the *Arrests* and the *Incidents* at issue in this lawsuit: March 20, 2012; May 24, 2012; October 12, 2014; September 17, 2017; October 3, 2017.

**RESPONSE: Will supplement.**

**SUPPLEMENTED RESPONSE: See City_001358-001376.**

Dated: December 22, 2023

Respectfully submitted,
SHEENA HAMILTON
CITY COUNSELOR

/s/ Adriano Martinez
Adriano Martinez, 69214 MO
Associate City Counselor
Martineza@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically mailed to Plaintiffs' counsel on December 22, 2023, at the following emails:

Talmage Newton
talmage@newtonbarth.com
Steven Hoffmann
steven@newtonbarth.com

/s/ Adriano Martinez

Exhibit 2