**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SCOTT A. KAMPAS et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF ST. LOUIS, MISSOURI, et al., )<br>)<br>Defendants. ) | Cause No.:   4:22-cv-01057-SRC |

**DEFENDANTS' SUPPLEMENTED RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT CITY OF ST. LOUIS**

Defendants object to sections identified as "Definitions" and "Instructions," as they are inconsistent with the Rules of Civil Procedure.

**REQUESTS TO PRODUCE**

1. A copy of any and all reports (including original and supplemental reports, arrest reports, evidence technician reports, use of force reports, specialized unit reports, intelligence reports, and any I/LEADS report from the arrest of either plaintiff) prepared by the St. Louis Metropolitan Police Department relevant to police actions and arrests which took place at near or around each of *the Incidents* as more particularly described in the Fourth Amended Complaint, (Doc. 42), within the "Municipal Allegations" and Count IV:

    a. Compton Hill Water Tower Park on March 20, 2012;

    b. downtown St. Louis on May 24, 2012;

    c. Quicktrip on South Vandeventer Avenue in the City of St. Louis on or around October 12, 2014;

Exhibit 3

  d. the intersection of Tucker Boulevard and Washington Avenue, in the City of St. Louis, on or around the afternoon / evening / night-time hours of September 17, 2017, into the morning of September 18, 2017;

  e. the downtown St. Louis arrest of Sharon Morrow on April 14, 2019

**RESPONSE:**

**a. Defendants are unable to locate documentation related to this incident.**
**b. See City_000772-000828**
**c. See City_000829-000872**
**d. See City_000873-001166**
**e. Objection. Plaintiffs were not arrested on April 14, 2019. The arrest of Sharon Morrow has not bearing on this matter, as it occurred after the alleged incident. Plaintiffs were no arrested, nor do they claim they were present on the date in question. Plaintiffs request is irrelevant to their claims and disproportionate to the needs of their case. F.R.Civ.P 26(b)(1).**

**SUPPLEMENTED RESPONSE:**
**a. See City_001260-001313**

  2. To the extent it is not included in your response to request for production number 1 (above), produce the arrest reports of Steven Hoffmann, to include but not be limited to the arrest report, booking reports and booking photos, and any jail or detention records from the *Incident* of October 12, 2014.

**RESPONSE: Objection. Plaintiffs were not arrested on April 14, 2019. The arrest of Sharon Morrow has no bearing on this matter, as it occurred after the alleged incident. Plaintiffs were not arrested, nor do they claim they were present on the date in question. Plaintiffs request is irrelevant to their claims and disproportionate to the needs of their case. F.R.Civ.P 26(b)(1).**

**SUPPLEMENTED RESPONSE: See City_001321**

  3. To the extent it is not included in your response to request for production number 1 (above), produce the arrest reports of Scott Kampas, to include but not be limited to the arrest report,

Exhibit 3

booking reports and booking photos, and any jail or detention records from the *Incidents* of May 24, 2012 and September 17, 2017.

**RESPONSE: Objection. Plaintiffs were not arrested on April 14, 2019. The arrest of Sharon Morrow has no bearing on this matter, as it occurred after the alleged incident. Plaintiffs were not arrested, nor do they claim they were present on the date in question. Plaintiffs request is irrelevant to their claims and disproportionate to the needs of their case. F.R.Civ.P 26(b)(1).**

**SUPPLEMENTED RESPONSE: See City_001314-001320**

4. All videos and photographs of all of the *Incidents* which are in possession of the Defendants. This request includes, but is not limited to: images taken by the S.L.M.P.D. as part of their response, images taken by individual officers on their personal devices, footage taken by third-parties that is in the possession of the Defendant, aerial footage, CCTV footage, real time police crime center footage, etc.

**RESPONSE: Objection. The request is broad, vague, ambiguous, and unduly burdensome. Plaintiffs' request for "all videos and photographs" uses omnibus terms, applies to general category or group of documents on a broad range of information.** *Moses v. Halstead*, **236 F.R.D. 667, 672 (D.Kan.2006). Additionally, Plaintiff's "Incidents" dates include protests that bear no resemblance to their claims, specifically the arrest of Sharon Marrow on April 14, 2019. Plaintiffs were not arrested on that date and were not present, based upon their pleadings. Plaintiffs' request is irrelevant to Plaintiffs' claims. F.R.Civ.P. 26(b)(1).**

**SUPPLEMENTED RESPONSE: See previously provided videos and photographs. Defendant is unaware of any additional responsive videos and photographs.**

5. Any and all S.L.M.P.D. radio, C.A.D., communication or dispatcher tapes which contain radio traffic or communications from the time frame of or concerning the *Incidents* as alleged in the complaint. This request is intended to include, but not be limited to:

   a. Information channels;

   b. Tactical channels;

   c. Intelligence channels;

Exhibit 3

    d. Radio to radio;

    e. Car to car;

    f. Cellular traffic.

**RESPONSE: Objection. The request is broad, vague, ambiguous, and unduly burdensome. Plaintiffs' request for "any and all" uses omnibus terms, applies to general category or group of documents on a broad range of information.** *Moses v. Halstead*, **236 F.R.D. 667, 672 (D.Kan.2006). Additionally, Plaintiff's "Incidents" dates include protests that bear no resemblance to their claims, specifically the arrest of Sharon Marrow on April 14, 2019. Plaintiffs were not arrested on that date and were not present, based upon their pleadings. Plaintiffs' request is irrelevant to Plaintiffs' claims. F.R.Civ.P. 26(b)(1).**

**SUPPLEMENTED RESPONSE: No additional responsive records other than City_000740-000771. Specifically, Defendant has no responsive records to March 15, 2012, May 24, 2012, and October 12, 2014. Defendant has previously produced responsive records in Burbridge et al v. City et al. as they related to September 17, 2017.**

    6. All communications on computer logs relevant to the *Incidents*.

**RESPONSE: Objection. The request is broad, vague, ambiguous, and unduly burdensome. Plaintiffs' request for "all communications on computer logs relevant" uses omnibus terms, applies to general category or group of documents on a broad range of information. Plaintiffs do not identify what they mean by "computer logs." The word "relevant" modifies an enormous amount of information. Therefore, Defendants cannot begin to contemplate the scope of this request without additional information related to which documents Plaintiffs are specifically requesting.** *Moses v. Halstead*, **236 F.R.D. 667, 672 (D.Kan.2006).**

**SUPPLEMENTED RESPONSE: No responsive records other than those produced previously.**

    7. Any and all emails by any officer, command staff, or civilian related to the

*Incidents*.

**RESPONSE: Objection. The request is broad, vague, ambiguous, and unduly burdensome. Plaintiffs' request for "all communications on computer logs relevant" uses omnibus terms, applies to general category or group of documents on a broad range of information. Plaintiffs do not identify what they mean by "computer logs." The word "relevant" modifies an enormous amount of information. Therefore, Defendants cannot begin to contemplate the scope of this request without additional information related to which documents Plaintiffs are specifically requesting.** *Moses v. Halstead*, **236 F.R.D. 667, 672 (D.Kan.2006).**

8. For any officers present at the *Incidents*, any and all "roll call notes" or "desk books" or "instructions from roll call" which those officers were provided on the dates of the incident.

**RESPONSE: No responsive records.**

9. Any notes, emails, narratives, or memorandum sent by officers to any member of any documentation team concerning the *Incidents*.

**RESPONSE: Objection. The request is broad, vague, ambiguous, and unduly burdensome. Plaintiffs' request for "all notes, emails, narratives, or memorandums" uses omnibus terms, applies to general category or group of documents on a broad range of information. Plaintiffs do not specific individuals' accounts they wish reviewed, potential search terms, or date ranges for those searches. The word "concerning" modifies an enormous amount of information. Therefore, Defendants cannot begin to contemplate the scope of this request without additional information related to which documents Plaintiffs are specifically requesting.** *Moses v. Halstead*, 236 F.R.D. 667, 672 (D.Kan.2006).

10. Any Garrity statements made by any officer that is related to the *Incidents*.

**RESPONSE: Objection. The request is broad, vague, ambiguous, and unduly burdensome. Plaintiffs' request for "any Garrity statement" uses omnibus terms and is not reasonably calculated. Plaintiffs must identify which officers they are referring to specifically before Defendants can adequately address their request.** *Moses v. Halstead*, 236 F.R.D. 667, 672 (D.Kan.2006).

Dated: December 22, 2023
        Respectfully submitted,
        SHEENA HAMILTON
        CITY COUNSELOR
        */s/ Adriano Martinez*
        Adriano Martinez, 69214 MO
        Associate City Counselor
        Martineza@stlouis-mo.gov
        1200 Market St.
        City Hall, Rm 314
        St. Louis, MO 63103
        314-622-3361
        Fax 314-622-4956
        Attorneys for Defendants

Exhibit 3

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing was electronically mailed to Plaintiffs' counsel on December 22, 2023, at the following emails:

Talmage Newton
talmage@newtonbarth.com
Steven Hoffmann
steven@newtonbarth.com

/s/ Adriano Martinez

Exhibit 3