UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. KAMPAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:22-CV-01057-SRC |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' AMENEDED MOTION TO COMPEL**

COMES NOW Defendants, by and through counsel, and for Defendants' Response to Plaintiffs' Amended Motion to Compel states as follows:

**ARGUMENT**

**I.     Plaintiffs failed to comply with Local Rule 3.04 prior to filing their motion to compel.**

Plaintiffs' letter related to discovery disputes was dated December 11, 2023. Undersigned counsel was in trial on a state court matter. 1922-CC11436. Mr. Laird was in the process of drafting a brief for the United States Supreme Court with a pending deadline. *Molina v. Daniel Book*, 23-227. Undersigned counsel indicated that he would be available on Friday December 15, 2023 to discuss the letter. On December 15, 2023, undersigned counsel indicated that due to a previously scheduled deposition he was unavailable to review the letter in substance and asked for a time on Monday to discuss the issues. Exhibit A.

Mr. Hoffmann indicated the he believed his brief conversation with Mr. Laird on December 13, 2023 satisfied the requirements of Local Rule 3.04. *Id*. On December 15, 2023 I indicated that Rule 3.04 is a requirement that is not satisfied until parties have met in good faith, and that would be impossible until I had an opportunity to review the multi-page letter and review the appropriate topics. *Id*. Mr. Hoffmann reiterated his availability but not that of Mr. Newton. Parties were able to discuss outstanding issues, after the filing of the Motion to Compel, and resolved the majority of the issues as the rule was designed to encourage. During the meet and confer, parties discussed Plaintiffs providing a list of search terms to limit the scope of their request. On December 22, 2023 Plaintiffs provided a list. On December 23, 2023 Defendants indicated that the list was exceedingly broad. Plaintiffs provided a new list of terms to replace the original set of terms on December 26, 2023 which includes 195 search terms. Defendants are working on whether this new list cures the issues identified in the first list. However, due to the holidays and staff on leave it will take some time. Plaintiffs have shown that they definitively did not abide by the local rule and their Motion to Compel should be denied.

**II.    Plaintiffs' lack of diligence resulted in undue delay and Defendants' objections should be granted.**

1

Defendants' objection to Plaintiffs' First Request for Production 3, 4, 11, and 18 were simple, Defendants needed more information as to what information Plaintiffs were requesting. Defendants' understood that some information may be relevant but due to the overly broad, unduly burdensome, and impermissibly vague nature of the requests it would be impossible to adequately respond. Defendants' objections were disclosed on July 31, 2023. Doc. 58-2. Requests for "any and all emails by any officer, command staff, or civilian related to the Arrests" is an example of Plaintiffs' omnibus requests. Doc. 63-2. Plaintiffs did not address Defendants' objections until four months later, two weeks before the close of discovery. Now, Plaintiffs have provided search terms and dates that include over 195 terms and span years, again, without limiting searches to specific people. Doc. 63-4.

Similarly, Defendants' objections to Plaintiffs' Second Request for Production 7 and 9 rely on similar language, requesting, "any and all emails by any officer, command staff, or civilian related to the Incidents." Doc. 63-3. Defendants responded to Plaintiffs' Second Request for Production on November 9, 2023. Exhibit B. Undersigned counsel provided two dates in November where I would be available to discuss discovery disputes. Plaintiffs elected to wait three additional weeks to first bring discovery issues to Defendants' attention. Exhibit A. Defendants have properly responded to discovery requests and have provided dates to resolve these issues. Plaintiffs have waited until the absolute last moments before the close of discovery to request the production of likely thousands of emails and expect that production in a matter of days. After consulting with their Police Information Technology professionals, Defendants believe the initial request will take months to download. This is unreasonable and Defendants should not be burdened due to Plaintiffs' inaction. Therefore, Plaintiffs' Motion to Compel should be denied.

**III.     Plaintiffs' Second Request for Production 4 and 10.**

Defendants have indicated that they will supplement their response to request number 10 and are attempting to obtain additional information before Defendants can definitively state whether *Garrity* statements exist. As to Request number 4, Defendants have definitively stated in their supplemented response that they are unaware of any additional responsive videos or photographs. The response is sufficient and if new photographs or videos are discovered that Defendants are currently unaware of, as required under the Federal Rules of Civil Procedure, Defendants will supplement their response. Plaintiffs are requesting photographs and videos from incidents that occurred in 2012 and 2014 that Defendants are not in possession of. Therefore, Plaintiffs' request should be denied.

**IV.     Plaintiffs' First Request for Production 14 and 15.**

Parties have limited the scope of the request and once a search is completed related to the more limited scope Defendants will supplement their response. Defendants have had approximately a week and it is the week between Christmas and New Years Day. Defendants are working diligently to complete discovery but have been slowed by matters outside of their control, including Plaintiffs' decision to wait until two weeks before the discovery deadline to address outstanding objections.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Amended Motion to Compel. Parties are capable of resolving outstanding issues without burdening this honorable Court.

Respectfully submitted,

SHEENA HAMILTON

2

CITY COUNSELOR

*/s/ Adriano Martinez*
Adriano Martinez, 69214 MO
Associate City Counselor
martineza@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-4651
Fax 314-622-4956
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on December 27, 2023, with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

*/s/ Adriano Martinez*
Adriano Martinez
Associate City Counselor