

Martinez, Adriano <martineza@stlouis-mo.gov>

## Kampas v. City of St. Louis Discovery
9 messages

**Steven Hoffmann** <steven@newtonbarth.com>   Mon, Dec 11, 2023 at 9:51 PM
To: "Laird, Brandon" <lairdb@stlouis-mo.gov>, "Martinez, Adriano" <martineza@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Gentlemen:

We have reviewed the materials that Defendants have produced in discovery so far in this case, as well as responses to interrogatories. As described below, many of Defendants' responses are deficient. Please consider this letter to be Plaintiffs' good faith effort to resolve these deficiencies and related disputes. We ask that the Defendants respond to this Golden Rule Letter and supplement their discovery responses by the end of business, **Wednesday, December 13, 2023**, to avoid the necessity a of court order compelling their production.

As you are aware, the deadline to file any discovery motions is now December 17, 2023, and the parties have been ordered to complete discovery by December 28, 2023.

Many of the objections that the City raises to Plaintiffs' interrogatories and requests for production are unfounded and prevent Plaintiffs from fully developing their case. As you know, the purpose of pretrial discovery is to aid in the ascertainment of the truth, eliminate surprise, narrow issues, facilitate trial preparation, and obtain relevant information. FRCP 26(b)(1) provides that "Parties may obtain discovery *regarding any nonprivileged matter that is relevant to any party's claim* . . . and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added).

Many of the City's responses make it impossible to determine whether Defendants will produce responsive documents, whether responsive documents exist but are not in Defendants' possession, or whether documents simply never existed. This is not acceptable. Failing to fully and completely respond to Plaintiffs' discovery requests inhibits the discovery process and creates the possibility of prejudice to the Plaintiffs. In an attempt to avoid such prejudice, what follows are the issues with regard to Defendants' discovery responses.

- **Body Cameras / Real Time Crime Center Footage**

The City has not produced the body camera footage referenced in the incident report concerning the October 3, 2017 arrests. Additionally, no footage from the Real Time Crime Center has been produced. Please produce these materials by supplement within two (2) days.

- **Redacted Documents**

To the extent that the City has produced heavily redacted documents in the discovery of this case, such redactions are not appropriate, as they obscure the identities of witnesses to the Plaintiffs' claims. Please replace redacted documents with properly readable documents within two (2) days.

- **Defendant City's Responses to Plaintiffs' First Interrogatories Directed to Defendant City of St. Louis**

<u>All Interrogatories.</u>  Federal Rule of Civil Procedure 33(b)(3) requires that each interrogatory be answered "fully in writing under oath." None of Defendants' interrogatory responses were made with a verification that they were made under penalty of perjury. Please supplement Defendants' responses so that they comply with Rule 33(b)(3).

<u>Interrogatory No. 1</u>.  The City responded that this interrogatory would be supplemented. To date, no supplement has been received. Please revise your answer and supplement Interrogatory No. 1 within two (2) days.

<u>Interrogatory No. 6</u>.  This interrogatory seeks information that supports and evidences Plaintiffs' claim that Defendant City of St. Louis failed to train and supervise its officers. Plaintiffs clarify that they are now seeking a description of all training that all defendant officers received from 2012-2017 regarding the categories (a) – (g) in Interrogatory No. 6. As you are aware, the Metropolitan Police Department of the City of St. Louis is solely in possession of records demonstrating which defendant officers received which training. Alternatively, you may produce all documents related to defendant officers' receipt of training from 2012-2017. Please fully respond to Interrogatory No. 2 within two (2) days.

<u>Interrogatory No. 7</u>. The City's objection is not well taken. This interrogatory seeks information that supports and evidences Plaintiffs' claim that Defendant City of St. Louis failed to train and supervise its officers, and that the City had a widespread, continuous practice of making unconstitutional arrests, in the absence of proper probable cause. This information is solely in the possession of the Metropolitan Police Department of the City of St. Louis. Plaintiffs' request is not overly broad, because Plaintiffs are only seeking information from dates when they themselves were arrested. In further clarification, Plaintiffs seek such information from the following dates: March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; and October 3, 2017. The March 20, 2012 date was incorrect, and is replaced with the correct incident date of March 15, 2012. Please fully respond to Interrogatory No. 7 within two (2) days.

<u>Interrogatory No. 9</u>. The City responded that this interrogatory would be supplemented. To date, no supplement has been received. Please revise your answer and supplement Interrogatory No. 9 within two (2) days.

<u>Interrogatory No. 10</u>. The City's response is not well taken. The words "methods" and "findings" have their ordinary dictionary definitions, and as such, are not vague. The City, through its Metropolitan Police Department, is solely in possession of any after-action reports or reviews made into the events of March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; and October 3, 2017. The contents of any such reports or reviews is relevant to Plaintiffs' municipal claims. In order to fulfill Interrogatory No. 10, it would be sufficient for the City to state whether or not an after-action review or investigation was made into each of the above incidents, and to produce all reports or documents (aka findings) produced pursuant to such reviews. Please revise your answer and supplement Interrogatory No. 10 within two (2) days.

<u>Interrogatory No. 11</u>. The City's response is not well taken. There is nothing overly broad, unduly burdensome, or vague about Interrogatory No. 11. The City, through its Metropolitan Police Department, is solely in possession of the information sought. Please revise your answer and supplement Interrogatory No. 11 within two (2) days.

- **Defendant City's Responses to Plaintiffs' First Requests for Production of Documents Directed to Defendant City of St. Louis**

<u>Request for Production No. 3</u>. Defendant's objection is not well taken. Is Defendant City suggesting that they have thousands of such statements in their possession? If so, please produce them. This request seeks statements made by City agents and employees concerning the March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; and October 3, 2017 incidents. Defendant is

solely in possession of such statements. To further identify which information Plaintiffs are seeking, and to respond to Defendant City's objection, Plaintiffs clarify that they are seeking statements made by any police officers or by any City employee who was present at incidents on the above dates. **Please supplement your response to Request for Production No. 3 within two (2) days.**

Request for Production No. 4. Defendant's objection is not well taken. Is Defendant City suggesting that they have thousands of such statements in their possession? If so, please produce them. This request seeks statements made by third-parties concerning the March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; and October 3, 2017 incidents. Plaintiffs' request was limited to only statements obtained by or on behalf of any Defendant. For instance, Plaintiffs' Fourth Amended Complaint, p. 20, paragraph 140 identifies written statements collected by the Mayor's office and others from within the City's Justice Center. Plaintiffs further state that Jeffrey Carson was one of the individual who collected such written statements. None of the written statements made by the individuals under arrest in the city's Justice Center have been produced. **Please supplement your response to Request for Production No. 4 within two (2) days.**

Request for Production No. 11. Defendant's objection is not well taken. Plaintiffs restricted their request only to emails concerning the October 3, 2017 date, although they are entitled to discover emails concerning all of the incidents in the complaint. Defendants have not produced a single email in this litigation. Have they diligently searched to see whether such emails are in their possession? Plaintiffs revise their request to suggest a date range of October 3, 2017 – October 3, 2022. In further clarification, Plaintiffs are requesting any and all emails sent or received by 1) any of the defendant officers, 2) any command staff in the Department, and any civilian employee of the Mayor's office, Circuit Attorney's office, or City Counselor's office which is not privileged, and which is related in any way to the arrests of October 3, 2017, as described in the complaint. Please supplement your response to Request for Production No. 11 within two (2) days.

Requests for Production Nos. 14 and 15. Defendant's boilerplate objections are not well taken. Plaintiffs' request is the opposite of broad, it is narrowly tailored only to the following incidents, as named in the complaint: March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; October 3, 2017, and April 14, 2019. The City's Metropolitan Police Department and the City's Civilian Oversight Board are solely in possession of these materials. Additionally, federal law, and not the ordinances of the City of St. Louis govern questions of privilege in this case. The City's objection is not relevant to claims brought pursuant to title 42 U.S.C. section 1983. Finally, these requests are related both to Plaintiffs' claims regarding their arrest on October 3, 2017, as well as their municipal claims. Please supplement your response to Request for Production Nos. 14 and 15 within two (2) days.

Request for Production No. 18. Defendant's boilerplate objection is not well taken. Plaintiffs' request is limited in time and scope to the arrests of October 3, 2017. The City is aware of which officers are listed in the incident report as members of the "documentation team." The words "notes, emails, narratives," and "memorandum," have their standard, ordinary, dictionary definitions. Please supplement your response to Request for Production No. 18 within two (2) days.

Request for Production No. 20. The City responded that this request would be supplemented. To date, no supplement has been received. Please revise your answer and supplement Request for Production No. 20 within two (2) days.

- **Defendant City's Responses to Plaintiffs' Second Request for Production of Documents Directed to Defendant City of St. Louis**

Requests for Production Nos. 1(a) and 1(e). (a) Plaintiff further clarifies that The March 20, 2012 date was incorrect, and is replaced with the correct incident date of March 15, 2012. (e) Defendants' objection to 1(e) is unpersuasive. Plaintiffs are entitled to discovery on their *Monell* claim. Plaintiffs' request is directly related to their claim that the City has a widespread, longstanding, pervasive practice or unofficial policy of

arresting persons for whom there is no probable cause to believe they have committed a crime. Sharon Morrow's arrest was properly pled as an example of the City's policy. **Please revise your answer and supplement Request for Production Nos. 1(a) and 1(e) within two (2) days.**

   Requests for Production Nos. 2 and 3. Defendants' objections to Requests for Production Nos. 2 and 3 are irrelevant to the requests, as Requests for Production Nos. 2 and 3 do not reference Sharon Morrow in any capacity.  Defendants' responses do not contain booking photos, and any jail medical records, which were properly requested. **Please revise your answer and supplement Requests for Production Nos. 2 and 3 within two (2) days.**

   Request for Production No. 4. Defendants' boilerplate objection is not well taken. Additionally, the reference to *Moses v. Halstead* is inapposite. The request for production in *Moses* asked Allstate to identify "all individuals who have or claim to have knowledge 'concerning any of the issues raised in the pleadings.'" Here, the City was asked to produce "all videos and photographs of the *Incidents* [March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; and April 14, 2019] which are in possess of the Defendants." This is neither a general category, nor a broad range of documents or information. Defendants are encouraged to re-read the case they cited, noting that "a party typically has a duty to respond to it to the extent the interrogatory is not objectionable and can be narrowed to an appropriate scope." As already addressed, the arrest of Sharon Morrow is directly related to Plaintiff's *Monell* claim. Please revise your answer and supplement Request for Production No. 4 within two (2) days.

   Requests for Production Nos. 5, 6, 7, 9, and 10. Again, the reference to *Moses v. Halstead* is inapposite. Defendants are asked to produce information from a limited number of dates: March 15, 2012; May 24, 2012; October 12, 2014; September 17, 2017; and April 14, 2019.
Plaintiffs' requests do not apply to a general category or group of documents or a broad range of information, but are surgically calculated to apply only to a limited amount of information from a small set of dates. Defendants were able to clearly understand Plaintiffs' requests as they applied to October 3, 2017. Plaintiffs are equally entitled to discovery on their *Monell* claim. To the extent that the City's response to Request for Production No. 7 is simply a cut-and-paste of its response to Request for Production No. 6, Defendant may note that Request for Production No. 7 does not use the word "relevant". Please revise your answer and supplement Requests for Production Nos. 5, 6, 7, 9, and 10 within two (2) days.

   Request for Production No. 8. Defendants' did not provide a response to Request for Production No. 8. Please provide a response within two (2) days.

- **Conclusion**

   We prefer to resolve these issues informally and we look forward to hearing from you at your earliest opportunity. However, if Defendants are unwilling to provide its supplemental answers and responses or if we do not hear from you within the next (2) days, Plaintiffs will be forced to file a Motion to Compel covering these matters.

- **Other Outstanding Discovery**

   Plaintiff's First Interrogatories directed to Benjamin Hawkins; Plaintiff's Second Interrogatories directed to the City of St. Louis, and Plaintiff's Third Requests for Production of Documents directed to the City of St. Louis were sent on November 15, 2023, and are due on December 15, 2023. Plaintiffs look forward to these, and all other responses this week.

--
Steven Seth Hoffmann
*Attorney at Law*

Newton Barth, L.L.P.
555 Washington Avenue, Ste. 420

St. Louis, MO 63101
314-272-4490 - Office Telephone
314-762-6710 - Fax

[steven@newtonbarth.com](mailto:steven@newtonbarth.com)
[newtonbarth.com](http://newtonbarth.com)

CONFIDENTIALITY NOTICE: This email message is a confidential communication from an attorney and may be subject to attorney-client privilege. The information contained in this electronic communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this electronic communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at 314-272-4490 and permanently delete the original and any electronic or printed copies of this electronic communication.

PLEASE NOTE: (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa, and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via this medium because you have either e-mailed me or consented to me using e-mail communication with you. If you should change your mind and want future communications to be sent via a different medium, please advise me at the above number and confirm the same via email to me.

 **Kampas Golden Rule Letter.pdf**
278K

---

**Steven Hoffmann** <steven@newtonbarth.com>                         Wed, Dec 13, 2023 at 11:56 AM
To: "Laird, Brandon" <lairdb@stlouis-mo.gov>, "Martinez, Adriano" <martineza@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Gentlemen:

I was able to speak with Brandon in person after today's deposition regarding discovery. He indicated that Adriano is in trial today, and that it was unlikely that the City would be able to respond to our Golden Rule letter today, until he and Adriano are able to confer. I reiterated that the deadline to make discovery related motions is rapidly approaching, and there is a large volume of materials outstanding that are due to Plaintiffs.

I think that all four of us should plan on all speaking tomorrow by telephone. Taken together, the in person meeting that Brandon and I had today and a telephone call tomorrow will certainly satisfy the requirements of Local Rule 3.04 to make a good faith and sincere effort to resolve the dispute, as well as to comply with the Judge's Requirements.

We look forward to speaking with you tomorrow, and it is my sincere hope that we can find a way for the City to produce all outstanding discovery before the deadline to make discovery motions.

[Quoted text hidden]

---

**Steven Hoffmann** <steven@newtonbarth.com>                         Wed, Dec 13, 2023 at 12:10 PM
To: "Laird, Brandon" <lairdb@stlouis-mo.gov>, "Martinez, Adriano" <martineza@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

One brief follow up: as I mentioned to Brandon today, today's deposition revealed Brian Rossomanno's involvement in the October 3, 2017 incident. We were not aware of this until today. Given his central role, it is imperative that Plaintiffs be able to depose him regarding October 3. I hope that the City is able to produce him voluntarily, so that we can avoid sending a process server to track him down at home or work. Please let me know as soon as possible.

Thank you,

[Quoted text hidden]

---

**Martinez, Adriano** <martineza@stlouis-mo.gov>                     Thu, Dec 14, 2023 at 12:42 PM
To: Steven Hoffmann <steven@newtonbarth.com>
Cc: "Laird, Brandon" <lairdb@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Good afternoon,

Thank you for your email. I have been in trial this week and am catching up on emails. Brandon and I are unavailable today to discuss your lengthy concerns. I can be available tomorrow after 2:30pm. I have a previously scheduled deposition in the morning. If tomorrow after 2:30pm does not work for you, I can make some time on Monday. I understand you have concerns related to the discovery motion deadline, however, that deadline has been in place for months and this is the first time Plaintiffs have brought these concerns to our attention. Please let me know which date and what time works for you and Mr. Newton at your earliest convenience, so we can be prepared to have a meaningful conversation to resolve this matter.

Sincerely,
Adriano

[Quoted text hidden]

---

**Steven Hoffmann** <steven@newtonbarth.com>   Fri, Dec 15, 2023 at 10:33 AM
To: "Martinez, Adriano" <martineza@stlouis-mo.gov>
Cc: "Laird, Brandon" <lairdb@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Hello:

Talmage is not available this afternoon, but I am available to talk. Please call our office today when you are free after 2:30.

The telephone is (314) 272-4490

[Quoted text hidden]

---

**Martinez, Adriano** <martineza@stlouis-mo.gov>   Fri, Dec 15, 2023 at 3:26 PM
To: Steven Hoffmann <steven@newtonbarth.com>
Cc: "Laird, Brandon" <lairdb@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Good afternoon,

My deposition ran long today and I have other deadlines today. I believe this conversation needs to occur when Talmage can be available, particularly because you are also a plaintiff. Please let me know what dates Talmage is available next week so we can have a meaningful conversation about outstanding discovery concerns.

Sincerely,
Adriano Martinez

[Quoted text hidden]

---

**Steven Hoffmann** <steven@newtonbarth.com>   Fri, Dec 15, 2023 at 3:35 PM
To: "Martinez, Adriano" <martineza@stlouis-mo.gov>
Cc: "Laird, Brandon" <lairdb@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Adriano:

I have noted the times that I attempted to call both you and Brandon today, and I will include them in my motion to compel discovery, as required by the Judge's Requirements. I will attempt to call again today.

There is no requirement that Talmage be included on this conversation, as I am entered as an attorney of record in this case.

My in-person meeting with Mr. Laird at City Hall after Mr. Kegel's deposition satisfies the requirements of Local Rule 3.04, on Plaintiff's end.

I am also available tomorrow by telephone after 2:00 pm, and I will wait until after that time to file my motion. I am willing to work in good faith towards a resolution, but that is impossible if you are unwilling to speak to me over the phone about the issues I outlined in my email to you on Monday. You can reach me on my cell phone this weekend at (314) 629-3581.

I also note that there are discovery responses that are due to me today. Do you have a plan to deliver those to us before the close of business today? If they contain objections, I would also like to discuss those objections today or tomorrow.

Thank you,

[Quoted text hidden]

---

**Martinez, Adriano** <martineza@stlouis-mo.gov>  Fri, Dec 15, 2023 at 3:45 PM
To: Steven Hoffmann <steven@newtonbarth.com>
Cc: "Laird, Brandon" <lairdb@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Steven,

A meaningful discussion relies on both parties having an opportunity to review the issues and address them. I have been in trial this week and you have waited over four months to address our objections with the first RFP and ROGs. Additionally, we responded to your second RFP over a month ago. Your letter is five pages long and I have not had a reasonable opportunity to review it. I understand you have a deadline but Rule 3.04 is not a formality that can be checked off of a list. I have other deadlines. If you wish to forgo a true discussion of our objections and your concerns, that is your choice. Please let me know when Mr. Newton is available next week so I can discuss these issues with him at that time.

Sincerely,
Adriano Martinez

[Quoted text hidden]

---

**Steven Hoffmann** <steven@newtonbarth.com>  Fri, Dec 15, 2023 at 3:55 PM
To: "Martinez, Adriano" <martineza@stlouis-mo.gov>
Cc: "Laird, Brandon" <lairdb@stlouis-mo.gov>, T Newton <tnewton@newtonbarth.com>

Adriano:

As my email above mentions, I am also available to speak by phone with you, or with lead counsel Brandon Laird tomorrow.

The discovery responses that are due to Plaintiffs today consist of: Plaintiffs' First Interrogatories Directed to Defendant Benjamin Neil Hawkins, Plaintiff's Third Request for Production of Documents Directed to Defendant City of St. Louis, and Plaintiff's Second Interrogatories Directed to Defendant City of St. Louis. These were sent to you on November 15, 2023.

Do you have a plan to deliver your responses to this discovery to Plaintiffs today?

[Quoted text hidden]